

August 19, 2025

Richard W. Boone, Jr.
212.915.5972 (direct)
(212) 490-3000 (main)
Richard.Boone@wilsonelser.com

**VIA ECF**
Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
Courtroom: 15B/Chambers: Suite 1610

> RE:    ***P180, Inc. v. Singh et. al.*, Case No.: 1:25-cv-04432-VM (S.D.N.Y.)**
> **Defendants Singh and Goldenberg's Letter Seeking Pre-Motion Conference**

Dear Judge Marrero,

Our firm is counsel to Defendants Jaswinder Pal Singh ("Singh") and George Goldenberg ("Goldenberg") (collectively "Defendants") in the above-referenced action. Pursuant to Rule II.A. of Your Honor's Individual Rules, we write to respectfully request a pre-motion conference on behalf of Singh and Goldenberg regarding their planned motion to stay this case as concerns the claims asserted against them by P180, Inc. ("P180" or "Plaintiff"). Such relief is necessary and proper pursuant to: (1) the automatic stay imposed by 11 U.S.C. §362(a) upon the commencement of the Chapter 7 bankruptcy proceeding of non-party debtor CaaStle, Inc. ("CaaStle" or "Debtor"), which should be extended to the non-debtor Defendants in this case, and (2) the Court's inherent power to control its docket and to prevent prejudice flowing from the parallel criminal indictment recently returned against co-defendant Christine Hunsicker ("Hunsicker"), the former Chief Executive Officer and co-founder of CaaStle.

## I.    Summary of Issues Presented

This litigation cannot proceed without violating the most fundamental protections of the Bankruptcy Code and needlessly jeopardizing the parallel criminal prosecution now pending against their alleged co-conspirator. Singh and Goldenberg would also be prejudiced if they were unable to obtain the critical documents and testimony from the Debtor and Hunsicker that show both are completely innocent and in no way involved in the scheme alleged by P180.

On June 20, 2025, CaaStle commenced a Chapter 7 proceeding (the "Bankruptcy Proceeding") in the United States Bankruptcy Court for the District of Delaware. Under 11 U.S.C. § 362(a), that filing automatically stayed any judicial proceeding against the debtor. Although Singh and Goldenberg are not themselves debtors, the Complaint drafted by P180 alleges that they are liable solely as function of their role in an alleged scheme conceived and executed by Hunsicker and perpetrated through her control of CaaStle. The Debtor's assets and records are, therefore,

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Long Island, NY
Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA | Merrillville, IN
Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR | Raleigh, NC
San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY



central to every claim P180 asserts against Singh and Goldenberg.  Those assets and records, including the directors and officers liability insurance policy under which they are being defended in this action, are likewise central to – and necessary for – Singh's and Goldenberg's defense.

Additionally, on July 18, 2025, the United States Department of Justice announced an indictment charging Hunsicker with, *inter alia*, wire fraud, bank fraud, securities fraud, and conspiracy to commit the same (the "Indictment").  Accordingly, the requested stay is also compelled by the Court's inherent authority to conserve judicial resources and protect the integrity of overlapping criminal proceedings.  The criminal indictment of Ms. Hunsicker is founded upon charges that mirror the fraudulent scheme alleged here.  Proceeding with this action would, therefore, compromise the pending criminal case, threaten Hunsicker's Fifth-Amendment rights, and risk inconsistent rulings on identical facts.  Proceeding in this action without CaaStle and Hunsicker would also compromise the defense of Singh and Goldenberg, who are not named in the Indictment because they are unequivocally innocent parties.  Courts routinely stay civil proceedings under such circumstances.

Accordingly, Singh and Goldenberg respectfully request permission from the Court to file a motion seeking an order staying all claims asserted against them by P180 until: (1) the Bankruptcy Court modifies or lifts the automatic bankruptcy stay, and (2) the criminal proceedings against Hunsicker conclude.

## II.    The Court Should Apply the Automatic Bankruptcy Stay to Singh and Goldenberg

CaaStle's bankruptcy petition immediately vested in the estate "all legal or equitable interests of the debtor in property" "wherever located and by whomever held."  11 U.S.C. § 541(a)(1).  Courts have held that the proceeds of a D&O insurance policy are property of the debtor's estate to which the automatic stay applies.  *See, e.g., McArthur Co. v. Johns-Manville Corp.*, 837 F. 2d 89 (2d Cir. 1988), *cert. den.* 488 U.S. 868 (1988); *In re Allied Digital Techs. Corp.*, 306 B.R. 505, 511 (Bankr. D. Del. 2004).  Accordingly, courts have extended the automatic stay to claims against non-debtor insureds, such as directors and officers, where the claims are covered by insurance policies that are property of the estate, and any recovery would diminish the assets available to satisfy the claims of all creditors.  *See, e.g., In re NanoMech, Inc.*, Nos. 19-10851 (JTD), 19-50361 (JTD), 2019 Bankr. LEXIS 3205, at *3 (Bankr. D. Del. Oct. 9, 2019).

Because Singh was a director of CaaStle and Goldenberg was a director and its Chief Operating Officer, both are insureds entitled to a defense under CaaStle's D&O policy.  CaaStle's insurance carrier has, therefore, retained the undersigned to represent Singh and Goldenberg in connection with this matter.  However, the carrier has also advised that, due to the automatic stay, it cannot advance any defense costs in connection with this matter unless and until authorized to do so by the bankruptcy court.  Additionally, allowing this action to proceed would necessarily deplete the policy proceeds in payment of defense costs, and could exhaust the policy entirely.  Accordingly, the automatic stay should be extended until it is specifically modified or lifted by the Bankruptcy Court to permit this action to proceed.

Further, although CaaStle is not a defendant in the instant action, P180 filed a separate lawsuit against CaaStle in the New York Supreme Court, New York County, alleging essentially the same claims.  That case was stayed, pursuant to the automatic bankruptcy stay, upon the filing



of the Bankruptcy Proceeding. This case should similarly be stayed, because it ultimately seeks to adjudicate the same issues, including in particular the propriety of certain payments made to CaaStle by P180. In this regard, courts have long recognized that, where claims against non-debtors are so closely related to claims against the debtor that the debtor is the real party in interest, extension of the stay is warranted to preserve the integrity of the bankruptcy process. *See, e.g., A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).

For each of the foregoing reasons, the Court should extend the automatic bankruptcy stay to the claims against Singh and Goldenberg until it is specifically modified or lifted by the Bankruptcy Court to permit this action to proceed.

## III.    The Court Should Grant a Discretionary Stay in Light of the Indictment

The claims against Singh and Goldenberg should also be stayed pursuant to the Court's inherent power to control its docket and to prevent prejudice flowing from the parallel criminal indictment recently returned against co-defendant Hunsicker, the former Chief Executive Officer and co-founder of CaaStle. The Indictment against Hunsicker includes nearly identical allegations that Hunsicker masterminded a long-running scheme to misrepresent the financial condition and commercial scale of CaaStle. Both the Complaint and the Indictment allege that, beginning no later than 2019 and continuing through at least March 2025, Hunsicker fabricated or inflated key business metrics—principally revenue, subscriber counts, and cash on hand—to induce investors, partners, and lenders to part with millions of dollars.

When criminal and civil cases "involve virtually identical facts, witnesses and issues," courts routinely stay the proceedings to prevent prejudice and preserve judicial economy. *SEC Comm'n v. Carroll*, 2020 U.S. Dist. LEXIS 46929, at *9 (S.D.N.Y. Mar. 17, 2020); *see also Kudo v. Simels*, 91 Civ. 3167 (JFK), 1992 U.S. Dist. LEXIS 4590, at *3-4 (S.D.N.Y. Apr. 8, 1992). The allegations in this action are directed at Hunsicker, who has been indicted for her role in the alleged fraudulent scheme. *See, e.g., Carroll*, 2020 U.S. Dist. LEXIS 46929, at *10 (granting stay, in part, because "this is not an instance where Defendants are under criminal investigation, but have yet to be indicted, such that a stay may unduly delay the civil case while the parties await the resolution of a possible criminal case"). Hunsicker is plainly a necessary party to this case, as the claims and relief sought center on her conduct and the actions she directed. Proceeding in her absence would, therefore, prejudice the parties by depriving them of the opportunity to address the core allegations against the principal actor.

For each of the foregoing reasons, all claims asserted against Singh and Goldenberg should be stayed until the criminal proceedings against Hunsicker conclude.

*                *                *

For the foregoing reasons, Defendants Singh and Goldenberg respectfully request that the Court grant a pre-motion conference to discuss the Defendants' planned motion for an order staying this action as against Singh and Goldenberg until: (1) the automatic bankruptcy stay is modified or terminated by the Court in the CaaStle Bankruptcy Proceeding; and (2) there is a final resolution of the pending Hunsicker Criminal Proceeding; and granting such other and further relief as the Court deems just and proper.

**WILSON** ELSER

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

- 4 -

Respectfully submitted,

*/s/ Richard W. Boone Jr.*

Richard W. Boone Jr.
Kieran R. Lang
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
150 E. 42nd Street
New York, NY 10017
Tel.  (212) 490-3000
Fax.  (212) 490-3038
Email: richard.boone@wilsonelser.com;
       kieran.lang@wilsonelser.com

*Attorneys for Defendants Jaswinder Pal Singh
and George Goldenberg*

318248466v.1

WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record in this case by operation of the Court' s electronic filing system. Parties may access this filing through the Court's system.

/s/ *Richard W. Boone Jr.*
Richard W. Boone Jr.

**Attorneys for Defendants Jaswinder Pal Singh and George Goldenberg**