

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

Jason M. Myers, Esq.
Jason.myers@kaufmandolowich.com

August 21, 2025

Via ECF
Judge Victor Marrero
United States Courthouse
500 Pearl Street, Courtroom 15 B
New York, NY 10007

      Re:     *P180, Inc. v. Jaswinder Pal Singh, et al.*
               Civil Action No. 25-cv-4432
               Request for Pre-Motion Conference

Dear Judge Marrero:

      Our office represents Defendant Christine Hunsicker in the above-referenced matter. Pursuant to Rule II(A) of Your Honor's Individual Practices, following a good faith communication with Plaintiff P180, Inc., Defendant Hunsicker respectfully requests a Pre-Motion Conference to address an application for a stay of all claims asserted in this action against Defendant Hunsicker. Defendant Hunsicker also requests that the August 29, 2025 deadline to respond to the Complaint (ECF No. 26) be held in abeyance until the final determination of this application.[1]

      As set forth below, this Court should grant either: (1) a discretionary stay to permit the resolution of the related criminal charges against Defendant Hunsicker contained in an Indictment in the Southern District of New York (25 Cr. 318 (JPO) (unsealed on July 18, 2025)), or (2) an automatic stay under 11 U.S.C. §362(a)(1) and 11 U.S.C. §541(a)(1).

**A Discretionary Stay Is Warranted When An Criminal Indictment Has Been Filed**

      This Court has recently granted a discretionary stay concerning civil claims that were related to a pending criminal matter. *See, Pullman v. Collins*, No. 24-CV-1383, 2025 WL 1004731 (S.D.N.Y. April 3, 2025). "In determining whether to stay a civil proceeding pending resolution of an ongoing criminal proceeding, courts in this Circuit consider such factors as,

      (1) the extent to which the issues in the criminal case overlap with those presented in the civil case, (2) the status of the criminal case, (3) the private interests of and

---

[1] At the time of the meet and confer, P180's counsel did not have requisite authority to agree to an additional extension of time to respond to the Complaint, but counsel will consider the request. However, due to the August 25, 2025 deadline for P180 to respond to Defendant Singh and Goldenberg's Letter-Motion, Defendant Hunsicker files this application regarding the extension of time to respond, without consent from Plaintiff, for Plaintiff's response letters to coincide as to all Defendants.

> burden on the defendants, (4) the private interests of the plaintiffs, (5) the interests of the courts, and (6) the public interest."

*Pullman*, 2025 WL 1004731 at *3. The "strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter". *Id*. at *4, citing *Weidinger v. Djokic*, No. 22-CV-8388, 2023 WL 4106274, at *2 (S.D.N.Y. June 21, 2023)("Parallel cases substantially overlap when they arise from the same facts and involve nearly identical issues.").[2] A discretionary stay during the pendency of the Indictment here is absolutely warranted and appropriate.

First, there is substantial overlap in the claims asserted by P180 and the charges in the Indictment, as both involve allegations of fraud and misrepresentation related to Defendant Hunsicker's role as Chief Executive Officer of CaaStle, Inc. The Indictment charges Defendant Hunsicker with Wire Fraud (Count One); Fraud in the Purchase and Sale of P180 Securities (Count Three); False Statements to a Financial Institution (Count Four); and Engaging in Monetary Transaction in Property Derived from Unlawful Activity involving P180 (Count Five); and seeks forfeiture and restitution in connection with these allegations. Similarly, P180's Complaint also alleges wire fraud; bank fraud; a scheme entitled the "Hunsicker Enterprise" perpetrating acts alleged in the Indictment; aiding and abetting; and conversion of P180 funds. Lastly, P180's damages/relief in the instant pleading seeks recovery from the same JP Morgan Chase accounts that are identified in the Indictment. It is axiomatic that the Indictment and this action overlap, involve nearly identical issues, and arise from the same alleged circumstances and "scheme".

Second, the criminal action is not remote or purely hypothetical, it is filed, unsealed, and proceeding in this Court. The strongest argument for granting a stay is where a civil party is under indictment and simultaneously proceeding to trial on those issues. *See*, *Pullman*, 2025 WL 1004731 at *4. Third, there is significant prejudice to Defendant Hunsicker as "the overlap between the civil and criminal proceedings creates a significant risk that discovery could result in [Hunsicker] being forced to choose between admitting to conduct with implications in her criminal case on the one hand, and foregoing available defenses in this action or creating an adverse inference with the respect to [her] civil claims on the other." *Id.* There is no question that Defendant Hunsicker would be forced to choose between preserving her constitutional rights or waiving a defense in the civil action. Fourth, P180 offers on reason why it would be prejudiced by a stay, and moreover, the stay sought is limited in time by virtue of the pending criminal matter. *Id*.

Finally, the remaining factors – the public interest and the interest of the Court – weigh in favor of granting a stay because these overlapping claims will be litigated in two separate actions within the same Court and the determination of the criminal action could narrow the issues in the civil dispute, thereby promoting potential resolution. *Id*.

Applying the factors delineated in *Pullman*, it is in the interest of justice to stay this matter during the pendency of the criminal Indictment.

---

[2] *See also, Sec. & Exch. Comm'n v. Farnsworth*, No. 22-CV-8226, 2023 WL 8457246 (S.D.N.Y. Nov. 6, 2023) (Defendants were criminally indicted thereby favoring a stay).

**The Court Should Apply The Automatic Stay Under Bankruptcy Code**

Defendant Hunsicker, in the alternative, requests that this Court apply the automatic bankruptcy stay pursuant to 11 U.S.C. §362(a)(1) and 11 U.S.C. §541(a)(1).

On June 20, 2025, CaaStle, Inc. filed a Voluntary Petition for Chapter 7 in the United States Bankruptcy Court for the District of Delaware under Case Number 25-11187-BLS. Similar to Defendants Singh and Goldenberg (ECF No. 27), Defendant Hunsicker has been afforded insurance coverage, including the defense of these claims, under CaaStle's Director & Officer's Policy issued by CNA (Policy Number 6052060736). The D&O Policy's limit is depleting by the costs of defense incurred by all Defendants in this action. Notwithstanding the depleting policy limit, our office – like Defendants Singh and Goldenberg – have been advised by CNA that the insurance policy is an asset of the bankruptcy trustee and cannot be distributed.

In *North Star Contracting Corp.*, this Court held that a stay pursuant to §362(a) can, under certain circumstances, apply to a non-bankrupt party. *North Star Contracting Corp. v. McSpedon*, [125 B.R. 368](#), 370 (S.D.N.Y. 1991). One instance where the courts have extended 11 U.S.C. §362(a) is when an action would have a significant impact on the bankrupt, *i.e.*, CaaStle. *Id*. Another instance the courts have extended the stay is where an identity of interest exists between the debtor and the non-debtor defendant to the extent that the debtor is the real party defendant and a judgment against the non-debtor will directly affect the debtor. *Id*. That is the case here, as P180 had commenced an action against CaaStle, Inc. in the Supreme Court of New York in New York County under Index Number 652451/2025, which was subsequently disposed by [Court Order dated June 30, 2025](#) as a result of CaaStle's bankruptcy with the right to restore the matter following the conclusion of the automatic bankruptcy stay.

As the claims asserted by P180 against CaaStle and its directors and officers are so intertwined and related, this Court should extend the automatic bankruptcy stay here.

For the reasons set forth above, Defendant Hunsicker respectfully requests that this Court grant either (1) a discretionary stay pending the resolution of the criminal charges against Defendant Hunsicker or (2) extend the automatic bankruptcy stay to this action in its entirety. Defendant Hunsicker further requests that the August 29, 2025 deadline to respond to the Complaint be held in abeyance pending a decision on this application.

We thank the Court for its attention to this matter, and our office is available at the Court's convenience to further discuss this request.

Respectfully Submitted,

**KAUFMAN DOLOWICH LLP**

_____
Jason M. Myers, Esq.