Joseph M. Sanderson
212 378 7615
josanderson@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com



August 25, 2025

**VIA ECF**

Hon. Victor Marrero, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

>Re:   *P180, Inc. v. Singh, et al.*, No. 25 Civ. 4432 (VM)
>      **Response to Defs. Singh & Goldenberg's Pre-Motion Conference Request**

Dear Judge Marrero:

Plaintiff P180, Inc. opposes Singh and Goldenberg's anticipated motion for a stay. Their failure to confer as this Court's Individual Rules require is grounds enough to deny it, but the stay request would be meritless anyhow, for many reasons.

### There Is No Reason to Decide This Issue on an Expedited Schedule with Rushed Briefing

To start, Singh and Goldenberg present no reason to rush this decision. CaaStle's Chapter 7 case has proceeded uneventfully; Ms. Hunsicker's criminal case has not been set for trial; and discovery has not begun here. They have neither pointed to nor substantiated any irreparable harm justifying expedited, emergency relief. Instead, this letter request appears to be an attempt to excuse their August 19 default in responding to the Complaint. The Court should not countenance such gamesmanship. A noticed motion for stay can be filed after a response or can proceed alongside a motion to dismiss. Nothing warrants emergency relief.

### The Automatic Stay Does Not Apply to Suits Against Non-Debtors for Money Damages

On the merits, Singh and Goldenberg misstate what this case is. P180 seeks money damages against individuals who (i) knowing facilitated Hunsicker's fraud and breaches of her fiduciary duties to P180; or (ii) hid facts they personally had duties to disclose, either as P180 fiduciaries (such as P180 officers or directors) or under common-law duties such as the special facts doctrine. That Defendants may have participated in the fraud or gained guilty knowledge while *also* serving as CaaStle directors and officers may perhaps give them "Side A" coverage under a D&O policy that CaaStle purchased, but that is between them and the carrier. Further, several defendants have substantial personal wealth, so this case will proceed either way.

Directors' and officers' right to proceeds of Side A D&O coverage—which insures directors and officers directly, rather than insuring the company's obligations—is not property of the company's bankruptcy estate. *E.g.*, *In re Louisiana World Exposition, Inc.*, 832 F.2d 1391, 1400 (5th Cir. 1987); *In re Adelphia Commc'ns Corp.*, 298 B.R. 49, 53 (S.D.N.Y. 2003); *In re Allied Digital Techs., Corp.*, 306 B.R. 505, 512 (Bankr. D. Del. 2004) (cited by Defendants). When third parties seek to hold directors and officers liable directly for breach of their own duties to that third party, there is no stay because neither the debtor nor property of the bankruptcy estate are implicated. *In re Crazy Eddie Sec. Litig.*, 104 B.R. 582, 584 (E.D.N.Y. 1989); *Duval v. Gleason*, 1990 WL 261364, at *4 (N.D. Cal. Oct. 19, 1990); *see generally Tchrs. Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that

Hon. Victor Marrero, U.S.D.J., August 25, 2025
Page 2

stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."). The cases Singh and Goldenberg cite are both *coverage suits* by insureds, one against the insurer claiming to be a co-insured under the debtor's policy, *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 92 (2d Cir. 1988), and one seeking an order permitting a skittish insurer to pay Side A coverage over a trustee's objection, which the court found not covered by the automatic stay even if there was also "Side B" coverage where "indemnification either has not occurred, is hypothetical, or speculative." *Allied Digital*, 306 B.R. at 512. None of these cases stayed direct tort claims against non-debtors (like the claims here). While it has become common for skittish insurers to seek a just-in-case stay relief order from bankruptcy courts before paying out, it is abundantly clear that this action is not stayed just because some defendants hope to seek coverage under an insurance policy a non-party bought for them.

**Defendants' Request to Extend the Stay Is in the Wrong Court and Meritless Anyhow**

The *bankruptcy court* has the power under 11 U.S.C. § 105 to extend the stay to proceedings against non-debtor officers or directors to protect property of the estate only under "very unusual circumstances" (*Ebin v. Kangadis Fam. Mgmt. LLC*, 45 F. Supp. 3d 395, 398 (S.D.N.Y. 2014)) and "only where the stayed actions would have posed a serious threat to the debtors' reorganization efforts" (*Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999)). As Your Honor previously noted in a different case, "courts in this Circuit have regularly refused to extend a debtor corporation's § 362(a) stay to its non-debtor officers and principals." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp. 2d 439, 441 (S.D.N.Y. 2004) (Marrero, J.).

There are no "very unusual circumstances" present here. As in *Gray*—a case with direct fraud claims against an executive—CaaStle's bankruptcy is a Chapter 7 liquidation, so there are no reorganization efforts. This is not a case against the insurer or a case involving an immediate, non-contingent duty to indemnify; it is seeking money from directors and officers alleged to have personally breached their duties to P180. The cases Singh and Goldenberg cite are not to the contrary. *NanoMech, Inc. v. Carroll (In re NanoMech, Inc.)*, 2019 Bankr. LEXIS 3205, at *3 (Bankr. D. Del. Oct. 9, 2019), does not say exactly what it was staying other than that the debtor had an absolute duty to indemnify that would diminish the insurance policy. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986), meanwhile, emphasized that it was carving out a narrow exception for the "unusual situation" where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant," such as "absolute indemnity" rights. Singh and Goldenberg do not allege that here, and courts have been clear that contingent indemnity rights will not cut it. *Gucci*, 328 F. Supp. 2d at 442 (judgment must "directly affect the debtor's assets"); *Allied Digital*, 306 B.R. at 512 ("hypothetical" indemnification not enough). At any rate, *Robins* itself states that the indemnity rule is for third parties tagged with liability for the debtor's wrongdoing, not their own: "where the debtor and another are joint tortfeasors or where the nondebtor's liability rests upon his own breach of duty," the automatic stay "would clearly not extent to such nondebtor." 788 F.2d at 994.

Moreover, bankruptcy law is clear that a debtor is not excused from complying with third-party subpoenas. *In re Miller*, 262 B.R. 499, 505 (B.A.P. 9th Cir. 2001); *Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, 2014 WL 4783008, at *5 (S.D.N.Y. Sept. 25, 2014); *Stih v. Rockaway Farmers Mkt., Inc.*, 656 B.R. 308, 313 (E.D.N.Y. 2024). Indeed, since the Trustee may be gathering the same documents for his own purposes, the bankruptcy may

*facilitate* discovery. Issues of burden and cost-shifting can be dealt with on a case-by-case basis, and the Trustee is fully capable of raising his own objections if there is a dispute.

### Hunsicker's Criminal Case Does Not Warrant a Stay, Let Alone a Total Stay

Finally, Singh and Goldenberg seek a stay based on Defendant Hunsicker's indictment, apparently on the theory that the case will be proceeding "in her absence" and that they could not "address the core allegations" if she is not a party. That is nonsense; she is a party and will remain a party, with the only question being whether the claims *against her* will be stayed for a while or whether *she* will plead the Fifth during discovery and risk an adverse inference against herself. Singh and Goldenberg also do not remotely explain why they could not address the allegations against them without their co-conspirator as a party.

Contrary to Defendants' assertion, stays pending prosecution are not "routine[]"—and particularly not routine for unindicted codefendants. They are entirely discretionary and require courts to "weigh competing interests." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012). Even a stay after an indictment is an "extraordinary remedy": the burden is always on the party seeking a stay and that "the Constitution rarely, if ever, *requires* such a stay," even as to the criminal defendants themselves. *Id.* at 98. The court exercises "studied judgment" based on "the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Id.* at 99. The *Carroll* case Defendants cite, where prosecutors intervened to prevent a defendant from using civil proceedings to bypass limits on criminal discovery, is an example of a public-interest factor. *Sec. & Exch. Comm'n v. Carroll*, 2020 WL 1272287, at *4 (S.D.N.Y. Mar. 17, 2020); *see Bernard v. Lombardo*, 2017 WL 2984022, at *4 (S.D.N.Y. June 9, 2017) (risk does not exist when the government is not the plaintiff). No such intervention has occurred here. *Kudo v. Simels*, 1992 WL 80762, at *2 (S.D.N.Y. Apr. 8, 1992), also cited by defendants, actually *denied* a stay.

A stay is unwarranted. Singh and Goldenberg have not been indicted. Hunsicker's Fifth Amendment privilege is hers and hers alone, so they cannot raise it. Moreover, it is not yet an issue here. Nor do they point to specific, unavailable documents they need for their defense.

Moreover, P180 faces substantial prejudice from a stay. As well as risk of memories fading or documents getting lost, Defendants are likely to face lawsuits from others harmed by CaaStle's implosion, so there may be no assets left to satisfy a judgment. *See, e.g.*, *Nat'l Coal. on Black Civic Participation v. Wohl*, 2021 WL 694557, at *3 (S.D.N.Y. Feb. 22, 2021) (Marrero, J.) (denying "open-ended" stay for these reasons); *United States v. Kwok*, 2024 WL 1250985, at *4 (S.D.N.Y. Mar. 22, 2024) (risk of asset dissipation weighed against stay); *Gilead Scis., Inc. v. Khaim*, 2024 WL 5318631, at *5 (E.D.N.Y. Dec. 17, 2024) (defendant's and public interest supported holding wrongdoers civilly liable). Justice delayed is justice denied. And it would perversely put off civil liability indefinitely because the conduct was also a crime.

Finally, even if the Court thought some relief warranted, many options short of a complete stay exist. *See Louis Vuitton*, 676 F.3d at 102; *Wohl*, 2021 WL 694557, at *4. Plaintiff is amenable to discussing ways to mitigate any concerns Defendants have—which Defendants could have learned had they bothered to confer. But a total stay is not warranted here.

⁂

While we do not oppose a pre-motion conference, the Court should deny a stay.

Hon. Victor Marrero, U.S.D.J., August 25, 2025
Page 4

Steptoe

                                                       Respectfully submitted,

                                                       /s/ Joseph M. Sanderson

                                                       Joseph M. Sanderson