Conor Tucker (pro hac vice)

633 West Fifth Street
Suite 1900
Los Angeles, CA 90071
213 439 9400 main
www.steptoe.com

**Steptoe**

October 10, 2025

**VIA ECF**

Hon. Victor Marrero, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

Re:   *P180, Inc. v. Singh, et al.* No. 25 Civ. 4432 (VM)
      **Parties' Joint Letter to the Court's Order re Supplemental Briefing (Dkt. 34)**

Dear Judge Morrero:

Plaintiff P180, Inc. and Defendants Christine Hunsicker, JP Singh, and George Goldenberg (collectively, "the Parties") hereby jointly respond to the Court's Order of October 3, 2025 (Dkt. 34) requesting the Parties' positions on supplemental briefing regarding their letter briefs (Dkts. Nos. 27, 30, 31, 32.)  The Parties have conferred over Zoom and email on the issue.  I have authority from Defendants' counsel to file this Joint Letter on behalf of the Parties.

**Plaintiff's Position**

After consideration of the issue, Plaintiff P180 believes that the Court can and should rule on the basis of the letter briefs submitted by the parties.  This matter is at issue:  Ms. Hunsicker has answered and Mr. Singh and Mr. Goldenberg are in default, having not timely responded to the Complaint.  The matter should proceed to the merits.

Plaintiff understands, though, that at least some Defendants would prefer supplemental briefing.  If such briefing is permitted, the scope should be limited to new information (and the impact of that information) since the Parties' letter briefs.  The schedule should also be efficient.  If the Court is inclined to accept supplemental briefing, Plaintiff propose the following schedule:

| Date | Event |
|---|---|
| October 24, 2025 | Each party may concurrently file a supplemental brief.  The word limit will be that of an opening brief under the local rules. |
| November 7, 2025 | Each party may file supplemental brief in response to an opposing |

Hon. Judge Morrero
October 10, 2025
Page 2

Steptoe

|  | party's initial supplemental brief.  The word limit will be that of an opposition brief under the local rules.  If Defendants file two separate briefs, Plaintiff may choose to respond with the two responsive briefs or with a consolidated brief of no more than double the word count. |
|---|---|
|  | No reply briefs should be permitted. |

Given the prior exchange of detailed letter briefs, Plaintiff does not believe that additional full formal briefing is necessary. However, it understands that counsel for Defendants Singh and Goldenberg seek additional full formal briefing.  If the Court is inclined to permit full formal briefing, Plaintiff requests a full opportunity to oppose.

After conferring with opposing counsel and giving consideration to scheduling issues, Plaintiff understands that Defendants will need until October 24 to file.  Plaintiff believes briefing should proceed quickly, especially given that Hunsicker has answered and Singh and Goldenberg are in default.  However, Plaintiff has no object to October 24 for the initial date of any supplemental briefing.

Plaintiff does not believe this filing is an appropriate opportunity to discuss the merits of the motion before this Court, but responds briefly to the new arguments Defendants raise, namely that the Trustee in the bankruptcy action, *In re CaaStle, Inc*. (No. 25-11187-BLS (D.Del.)), is seeking to stay this action and another action in Florida (P180 is not involved in the Florida action).

Assuming the issue is not resolved consensually, P180 will oppose the Trustee's motion. *First*, the automatic stay is not applicable here and extending it to non-debtors like Defendants here is only appropriate in "unusual circumstances."  *In re Uni-Marts, LLC*, 404 B.R. 767, 775 (Bankr. D. Del. 2009); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986). Indeed, P180 is not asserting any of the Debtor's claims, is not suing the Debtor here, and is bringing claims against non-debtors (Defendants) for harms they caused to P180 (not Debtor).  A suit by a third party against non-debtors for harm done to that third party does not qualify. *Second*, the Trustee has agreed to lift the stay so an insurer can pay for Ms. Hunsicker's defense in this action.  The bankruptcy court entered that order last week.  *See* No. 25-11187-BLS, D.I. 93 (D.Del. Oct. 3, 2025).  *Third*, motions practice in that case should have no impact on this Court's independent determination regarding whether a stay is appropriate. The Court can and should rule on that question.

**Defendants Singh and Goldenberg's Position**

Defendants Jaswinder Pal Singh ("Singh") and George Goldenberg ("Goldenberg") dispute Plaintiff's contention that they are in default, given that they have requested the stay at issue here, which would pertain to all matters including their response to the Complaint.  As for briefing on the instant motion, Singh and Goldenberg respectfully request that the parties be permitted to file full briefing with respect to the Singh and Goldenberg's motion to stay.  In this

Hon. Judge Morrero
October 10, 2025
Page 3

regard, we consent to the briefing schedule proposed by Plaintiff but also request that Singh and Goldenberg be permitted to file a reply on or before November 14, 2025.

Defendants Singh and Goldenberg strongly believe that additional briefing is necessary to properly address the issues before the Court, which could not be adequately discussed in the limited space provided for pre-motion conference letters. Additionally, Singh and Goldenberg note that there has been a significant change of circumstances since their letter was filed with the Court.

On September 18, 2025, the Trustee in the bankruptcy action, *In re CaaStle, Inc.*, Case 25-11187-BLS, filed a Verified Complaint for Declaratory and Injunctive Relief against Plaintiff P180, Inc., which seeks entry of judgement declaring that this action is barred by the automatic bankruptcy stay and should be enjoined pursuant to section 105 and 362(a) of the Bankruptcy Code. Additionally, the civil action filed against Ms. Hunsicker by the Securities and Exchange Commission, which concerns similar allegations to those asserted against her in this suit, has now been stayed on consent during the pendency of the criminal case against Ms. Hunsicker.

In addition to the points raised in Defendants Singh and Goldenberg's letter, the foregoing developments further require that this action be stayed during the pendency of the bankruptcy proceeding and/or the criminal action. Accordingly, Singh and Goldenberg respectfully request that they be permitted to fully brief these issues.

**Defendant Hunsicker's Position**

Defendant Hunsicker agrees that the Court can consider and rule on her letter-brief to support the granting of a temporary, discretionary stay pending the criminal investigation pursued by the United States of American against Defendant Hunsicker. However, Defendant Hunsicker respectfully requests that this Court take judicial notice of two related motions filed in other actions. *See, Glob. Network Communications, Inc. v City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (*quoting Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir.1998))( "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

First, the Trustee for CaaStle, Inc. has filed a motion to stay this action in the United States Bankruptcy Court for the District of Delaware in the action entitled *In Re: CaaStle, Inc.* filed under Case No. 25-11187-BLS, Doc. Nos. 83.

Second, the Securities and Exchange Commission ("SEC") has filed a motion to stay its action against Defendant Hunsicker until the conclusion of the criminal indictment addressing the very issues raised in our letter-brief. The SEC's action against Defendant Hunsicker is filed in this Court under Case No. 25-cv-05897-JLR, Doc. Nos. 15-16.

Hon. Judge Morrero
October 10, 2025
Page 4

**Steptoe**

  Should the Court require any supplemental briefing or copies of these two motions, Defendant Hunsicker respectfully requests that such supplemental briefing be conducted in letter format within the time period set forth by Plaintiff above.

Dated: October 10, 2025        Respectfully Submitted,

             By:   */s/ Conor Tucker*
                Conor Tucker (*pro hac vice*)