KAUFMAN DOLOWICH

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

Jason M. Myers, Esq.
Jason.myers@kaufmandolowich.com

October 24, 2025

Via ECF
Hon. Stewart D. Aaron
U. S. District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 15 B
New York, NY 10007

  Re: *P180, Inc. v. Jaswinder Pal Singh, et al.*
    Civil Action No. 25-cv-4432 (VM)
    Supplemental Letter-Brief in Support of Motion to Stay

Dear Judge Aaron:

  As your Honor knows, our office represents Defendant Christine Hunsicker in the above-referenced matter. Ms. Hunsicker submits this letter-brief in compliance with Your Honor's Scheduling Order dated October 18, 2025 (ECF No. 38) supplementing Ms. Hunsicker's August 21, 2025 letter-motion seeking a discretionary, temporary stay of this matter (ECF No. 30).

  Since Ms. Hunsicker's submission of the August 21, 2025 letter-motion, two significant and relevant filings have occurred that further support a stay of this matter pending the conclusion of the criminal action filed as *United States v. Hunsicker*, 25 Cr. 318 (JPO) (the "Criminal Case"). First, in the action entitled *Securities and Exchange Commission v. Christine Hunsicker* filed in this Court under Civil Action Number 25-cv-5897 (JLR) (the "SEC Action"), the Government submitted a motion seeking to intervene and to stay that action pending resolution of the Criminal Case, in which an indictment had been returned[1]. The Court granted a discretionary stay until the completion of the Criminal Case and determined that "a stay of this matter in its entirety is in furtherance of the interests of justice". *See* Ex. A. The same ruling should apply here, as Ms. Hunsicker is seeking the same stay, until the completion of the Criminal Case, not an open-ended stay as implied by P180 in its August 25, 2025 letter-response (ECF No. 32).

  Second, the Trustee for the bankrupt Estate of CaaStle, Inc. has filed a motion in the United States Bankruptcy Court for the District of Delaware[2] for relief under Sections 105(A) and 362(A) of the Bankruptcy Code and a Preliminary Injunction under Rule 7065 of the Federal Rules of Bankruptcy Procedure to apply the automatic bankruptcy stay to this action. The Bankruptcy Court has scheduled a hearing for November 19, 2025 on the Trustee's motion for a stay.

---

[1] A copy of the Government's Memorandum of Law in Support of Its Application to Intervene and For a Complete Stay in the SEC Action is annexed hereto as Ex. B.

[2] In re: CaaStle, Inc. filed under Case Number 25-11187-BLS

I.        The Same Factors Resulting in the Stay of the SEC Action Apply Here

This Court, granting a full stay in the SEC Action until the conclusion of the Criminal Case, applied the identical balancing test that Ms. Hunsicker addressed in her moving letter-motion before Your Honor. *See* Ex. B, Section II; *see also*, ECF No. 30. Specifically, Ms. Hunsicker relied upon this Court's recent decision in *Pullman v. Collins*, 2025 WL 1004731, at *2 (S.D.N.Y. April 3, 2025) to address the balancing factors and how the circumstances here support a stay. However, the factors "can do no more than act as a rough guide for the district court as its exercises its discretion" and do not replace the Court's "studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012). The Court's "decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests, in the case." *Id.*

For the convenience of the Court, Ms. Hunsicker will not repeat and reiterate each of the factors that are required to weigh in favor of a stay. However, Ms. Hunsicker will address the application of each factor herein and the grounds supporting a stay.

First, this Court must consider the extent of overlap between the facts in this case and the Criminal Case. "[T]he most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib. Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). As addressed in Ms. Hunsicker's letter-motion, the Criminal Case asserts several causes of action that directly overlap with this matter, such as wire fraud (Count One), fraud in the purchase and sale of P180 Securities (Count Three), False Statements to a Financial Institution (Count Four), and Engaging in Monetary Transaction in Property Derived from Unlawful Activity involving P180 (Count Five). The Government also seeks forfeiture of any monies allegedly transferred unlawfully. Comparatively, P180's Complaint alleges similar wire fraud, bank fraud, a scheme entitled the "Hunsicker Enterprise" that allegedly perpetrated the acts alleged in the Criminal Case, aiding and abetting, and conversion of P180 funds. As the Government argued in its motion to stay the SEC Action, "where the proof in the Criminal Case will cover substantially the same facts through the same witnesses as would be presented in the Civil Case . . . the issue relevant to whether a stay is appropriate is the same: whether it is likely that substantially the same set of facts would have to be proven twice in two different proceedings, draining resources from the courts and from the Government, and inconvenient witnesses." Ex. B, p. 6. The same applies here.

The second factor requires the Court to consider the status of the criminal case. An Indictment has been returned in the Criminal Case, which weighs in favor of a stay. *See Pullman*, supra at *4; *see also SEC v. Tuzman*, No. 15 Civ. 7057 (AJN), ECF No. 43, at 3 (an indictment weighs heavily in favor of a stay absent particular facts indicating that the criminal case may not be resolved expeditiously). The Criminal Case is proceeding apace. Ms. Hunsicker is not filing a motion to dismiss the Indictment, and a pretrial conference is scheduled for December 11, 2025. *See* 25 Cr. 318 ECF No. 18.

Next, the Court must assess any potential prejudice to the parties. In a balancing of the scales, it is unequivocally clear that denying the motion for a stay will dramatically prejudice Ms. Hunsicker, unnecessarily forcing her to choose between testifying as to conduct with direct implications in the Criminal Case or asserting her constitutional right against self-incrimination and permitting an adverse inference with respect to P180's civil claims. *See Pullman*, supra at *4. P180 argues that the Court should not apply a stay and the "parties can negotiate ways to accommodate Hunsicker's concerns". (ECF No. 32, p. 2). P180 fails to recognize, however, that the Court in the Criminal Case has issued a protective order limiting the disclosure of discovery exchanged in that matter, *see* 25 Cr. 318 ECF No. 16, and Ms. Hunsicker cannot be expected to negotiate away her Fifth Amendment rights. On the other hand, P180 will suffer no unfair prejudice whatsoever from a complete stay until the conclusion of the Criminal Case, other than the potential minor delay to the commencement of discovery. P180's only arguments concerning prejudice is the "risk memories will fade" and the risk of dissipating assets. (ECF No. 32). As very similar, if not identical, issues will be prosecuted in the Criminal Case as in the case at bar, there is also a high likelihood that the Government will engage with the very same witnesses as P180, so those witnesses' memories are unlikely to fade. Other than speculation, P180 has failed to describe how a temporary stay in this case would lead to a dissipation of assets.

The remaining factors to be considered are the interests of the Court and the public interest. *Pullman*, supra at *4. Ms. Hunsicker incorporates the Government's arguments addressing these two factors. *See* Ex. B, Section II(B)(4) and (B)(5). Importantly, the interests of the Court – and the parties – weigh in favor of granting a stay, as the outcome of the Criminal Case will likely affect the scope, and potentially the result, of this civil proceeding and limit the duplication of judicial resources (all of which are resources of this same Court). Additionally, it remains the interest of the public to permit the Criminal Case to conclude before requiring prosecution of civil claims. The contemporaneous prosecution of the Criminal Case and the civil claims in this action would risk jeopardizing the Criminal Case through discovery conducted in this case, could lead to unnecessary conflicts between the Protective Order in the Criminal Case (ECF No. 16) and discovery obligations in this matter, and could impact public opinion of Ms. Hunsicker, unduly influencing and confusing potential jury pools in both matters.

Therefore, in order to avoid any prejudice to Ms. Hunsicker's ability to properly defend herself in this action, to avoid the breach of discovery restrictions imposed by the Criminal Case Protective Order, and to prevent adverse prejudicial pretrial publicity, we respectfully submit that the Court should grant the motion to stay until the conclusion of the Criminal Case.

II.     The Trustee in Bankruptcy's Motion to Stay This Action

In addition to the stated reasons set forth above, we submit that the Court should also take into account that George L. Miller, in his capacity as Chapter 7 Trustee for the bankrupt Estate of CaaStle, Inc., has filed a motion for relief under Sections 105(A) and 362(A) of the Bankruptcy Code and a Preliminary Injunction under Rule 7065 of the Federal Rules of Bankruptcy Procedure to apply the automatic bankruptcy stay to this action, as well as a Florida action against Hunsicker, before the United States Bankruptcy Court for the District of Delaware (ECF No. 83) in *In Re: CaasStle, Inc.*, No. 25-11187-BLS. A copy of the Trustee's motion papers is annexed hereto as

3

Ex. C. Ms. Hunsicker incorporates the arguments raised by the Trustee's motion for a stay and preliminary injunction, which support the application of a stay of this action.

In his affidavit, Mr. Miller specifically references, among other things, the criminal indictment against Ms. Hunsicker (ECF No. 83-2, ¶¶ 7-10), as well as P180's lawsuit against Ms. Hunsicker, averring "[t]he claims brought by P180 threaten the limited resources belonging to Hunsicker and the D & O Policies, which I intend to pursue for the benefit of all creditors" and states that the:

> [c]ontinued prosecution of the Florida Litigation and the New York Litigation directly and imminently threaten the Estate's ability to recover on the D & O Policies, because any spend down of the D & O Policies' proceeds in defense of litigation or in funding a judgment against or settlement with directors and officers will directly and negatively impact the recovery of the Estate with respect to such policies. Further, any direct recovery of assets by the plaintiffs in the Florida Litigation and New York Litigation from the directors and officers or third parties would reduce the pool of assets available to the Trustee and the Estate.

(ECF No. 83-2, ¶¶ 21-22). Mr. Miller further argues that "the risk of depletion of assets and preclusive effect exist for any future actions filed against Hunsicker, other directors and officers and third parties pursuing the same or similar theories of recovery." (ECF No. 83-2, ¶ 24).

For the reasons set forth in Ms. Hunsicker's letter-motion and herein, Ms. Hunsicker respectfully requests that this Court grant (1) a discretionary stay pending the conclusion of the Criminal Case against Ms. Hunsicker and/or (2) extend the automatic bankruptcy stay to this action in its entirety.

We thank the Court for its attention to this matter and look forward to addressing this application before the Court on November 13th.

Respectfully Submitted,<br>
**KAUFMAN DOLOWICH LLP**<br>
<br>
_/s/ Jason M. Myers_<br>
Jason M. Myers, Esq.

## **CERTIFICATE OF SERVICE**

      I, JASON M. MYERS, hereby certify that on this date I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system to all counsel of record.

Dated: October 24, 2025                /s/ Jason M. Myers

                                              JASON M. MYERS