UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| P180, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> Jaswinder Pal Singh, et al., <br><br> Defendants. | 1:25-cv-04432 (VM) (SDA) <br><br> <u>ORDER</u> |

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, on April 18, 2025, Plaintiff P180, Inc. ("P180") filed an action in the Supreme Court of the State of New York, County of New York (the "New York State Court Action"), against CaaStle, Inc. ("CaaStle") seeking to recover for harm allegedly caused by an "elaborate fraud" committed with the knowledge of CaaStle's board of directors (*P180, Inc. v. CaaStle, Inc.*, Index No. 652451/2025, Compl., NYSCEF No. 1, ¶¶ 1, 8); and

WHEREAS, on May 27, 2025, this action was filed by P180 against CaaStle's officers and directors, including Christine Hunsicker ("Hunsicker"), Jaswinder Pal Singh ("Singh") and George Goldenberg ("Goldenberg") (collectively, the "Defendants") based upon fraudulent statements allegedly made regarding CaaStle (Compl., ECF No. 1, ¶¶ 2-22, 29-33); and

WHEREAS, on June 20, 2025, CaaStle commenced a Chapter 7 proceeding (the "Bankruptcy Proceeding") in the United States Bankruptcy Court for the District of Delaware (*see* Singh & Goldenberg 8/19/25 Ltr., ECF No. 27, at 1); and

WHEREAS, pursuant to 11 U.S.C. § 362(a), the bankruptcy filing automatically stayed all judicial proceedings against CaaStle, including the New York State Court Action (*see id.*); and

WHEREAS, on September 18, 2025, the Trustee in the Bankruptcy Proceeding filed a Verified Complaint seeking, among other things, a declaration that this action is stayed pursuant to § 362(a), and an Order enjoining the continued prosecution of this action (*see* Ex. 4 to Singh & Goldberg 10/24/25 Supp. Mem., ECF No. 42-4); and

WHEREAS, on October 17, 2025, District Judge Marrero referred to the undersigned Defendants' motion to stay (10/17/25 Order, ECF No. 37); and

WHEREAS, in connection with their motion to stay, Defendants, among other things, requested that this Court extend the bankruptcy stay to this action (*see*, *e.g.*, Hunsicker 10/24/25 Ltr., ECF No. 40, at 4; Singh & Goldenberg 10/24/25 Mem., ECF No. 42, at 12-14); and

WHEREAS, "[e]njoining litigation to protect bankruptcy estates during the pendency of bankruptcy proceedings . . . has historically been the province of the bankruptcy courts[,]" *In re Quigley Co., Inc.*, 676 F.3d 45, 52 (2d Cir. 2012) (citation omitted); and

WHEREAS, the Bankruptcy Court had scheduled a hearing for November 19, 2025 on the Trustee's application for a stay (*see* Hunsicker 10/24/25 Ltr. at 1), if the application is not consensually resolved, and which hearing may be adjourned (*see* Pl.'s 10/24/25 Supp. Mem., ECF No. 43, at 3, 8); and

WHEREAS, Singh and Goldenberg argue that "[a]t minimum, this Court should stay this action pending the Bankruptcy Court's ruling on the Trustee's request for relief in the Bankruptcy Proceeding . . ." (Singh & Goldenberg 11/7/25 Reply Mem., ECF No. 46, at 9); and

WHEREAS, P180 argues that "the bankruptcy court in Delaware is perfectly capable of deciding the Trustee's motion" (Pl.'s 11/7/25 Hunsicker Resp., ECF No. 47, at 2).

NOW, THEREFORE, it is hereby ORDERED, as follows:

2

1. The telephone conference to address Defendants' motion to stay, which had been scheduled for November 13, 2025 (*see* 10/18/25 Order, ECF No. 38) is adjourned *sine die*.

2. No later than three days after the Trustee's application for a stay of this action is consensually resolved or resolved by the Bankruptcy Court, the parties shall file a joint letter updating the Court regarding the impact of such resolution upon Defendant's motion to stay.

3. If no resolution of the Trustee's application for a stay of this action occurs by December 31, 2025, the parties shall file a joint letter on January 2, 2026 regarding the status of such application.

**SO ORDERED.**

Dated:      New York, New York
            November 12, 2025

_____
STEWART D. AARON
United States Magistrate Judge

3