

Richard W. Boone, Jr.
212.915.5972 (direct)
Richard.Boone@wilsonelser.com

**VIA E-MAIL AND ECF**
Joseph M. Sanderson, Steptoe LLP
josanderson@steptoe.com

> RE:    *P180, Inc. v. Singh et. al.*, Case No.: 1:25-cv-04432-VM (S.D.N.Y.)

Dear Joe,

As you know, our firm represents Defendants Jaswinder Pal Singh ("Singh") and George Goldenberg ("Goldenberg") (collectively, the "Moving Defendants") in the above-referenced action. We write pursuant to Rule II.B.1 of Judge Marrero's Individual Practices to notify Plaintiff of the Moving Defendants' intent to file a motion seeking dismissal of all claims set forth against them in the Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

As a threshold matter, Plaintiff's claims should be dismissed because the Complaint fails to allege that P180 is duly authorized to sue. Standing is jurisdictional; P180 bears the burden to allege facts establishing its authority to bring this action; decisions to initiate litigation rest with a corporation's board; and a complaint filed without proper authorization must be dismissed.[1] Additionally, the Complaint repeatedly lumps "Defendants" together without specifying the conduct of each person, which is insufficient under both Rules 8 and 9(b).[2] In this regard, Plaintiff's allegations amount to nothing more than supposition that, because Defendant Hunsicker was indicted for fraud, the Moving Defendants must also somehow be complicit.

Counts I and II of Plaintiff's Complaint, which purport to allege violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), should also be dismissed because each fails to meet any of the standards for asserting such claims against Singh or Goldenberg. Courts have repeatedly cautioned that civil RICO is a "thermonuclear device" and that "courts should strive to flush out frivolous RICO allegations at an early stage of the litigation."[3] Dismissal is plainly warranted where, as here, the allegations dress up ordinary fraud theories with conclusory "enterprise" and "pattern" labels.

To sustain Count I, which purports to assert a claim under 18 U.S.C. § 1962(c) ("Section (c)"), Plaintiffs must adequately plead that the Moving Defendants conducted, or participated in the conduct of, a RICO enterprise's affairs through two predicate acts of racketeering.[4] Here, the Complaint fails to adequately allege the existence of a RICO enterprise,[5] a pattern of racketeering

---

[1] *See, e.g., Knox v. Zarzeski*, 2006 U.S. Dist. LEXIS 117784, at *17 (S.D.N.Y. July 11, 2006).

[2] *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001); *Daly v. Kochanowicz*, 67 A.D.3d 78, 90 (2d Dept 2009).

[3] *See Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (quoting *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991); *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990)).

[4] *See Crawford v. Franklin Credit Mgmt. Corp.,* 758 F.3d 473, 487 (2d Cir. 2014).

[5] An association-in-fact requires purpose, relationships, and longevity sufficient to pursue that purpose—none of which is plausibly alleged here. *See, e.g., Boyle v. United States*, 556 U.S. 938, 946 (2009).

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Long Island, NY
Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA | Merrillville, IN
Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR | Raleigh, NC
San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY



- 2 -

activity,[6] any specific predicate acts,[7] operational management of those acts by Singh or Goldenberg,[8] or how those acts resulted in a concrete injury to Plaintiffs. Further, as noted, the Complaint improperly groups all Defendants and impermissibly relies on allegations made on "information and belief" without stating any basis for such belief.[9]

To sustain Count II, which purports to allege violations of 18 U.S.C. § 1962(d), Plaintiff "must allege that the [Moving Defendants] participated in 'an agreement to violate RICO's substantive provisions.'"[10] As an initial matter, Plaintiff's claim fails because it has not alleged any predicate RICO violation. Regardless, the Complaint does not include any non-conclusory allegations that the Moving Defendants agreed with Hunsicker to form or associate with a RICO enterprise and agreed to commit at least two predicate acts that, if carried out, would constitute a pattern.[11] In this regard, it is well settled that "a corporation cannot conspire with itself or with its own employees or agents."[12]

Count III, Plaintiff's purported conversion claim, fails as a matter of law because the Complaint does not plead "legal ownership or an immediate superior right of possession to a specific identifiable thing" or that the Moving Defendants "exercised an unauthorized dominion over that property, which can be specific money, to the exclusion of the plaintiff's rights."[13] Plaintiff has only provided a "threadbare recital of the elements of a conversion claim, without any accompanying factual basis," which is "woefully insufficient to survive a motion to dismiss."[14] Plaintiff also again relies on insufficient group allegations made "on information and belief."

Count V, Plaintiff's purported breach of fiduciary duty claim against Goldenberg, fails because the Complaint does not plead non-conclusory facts showing that he acted with bad faith or dishonest intent, engaged in self-dealing, or otherwise breached any specific duty owed to P180, as opposed to participating in board-level discussions or negotiations where Hunsicker allegedly concealed information.[15] Additionally, the Complaint does not connect any decision by Goldenberg to any loss proximately caused thereby.

Count VI, Plaintiff's hybrid claim for fraudulent inducement, fraudulent concealment, and constructive fraud, fails both to meet the pleading standard of Rule 9(b) and as a matter of law.

---

[6] Plaintiff fails to plead related predicates that amount to or pose a threat of continued criminal activity. *See, e.g., H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

[7] Fraud predicates must meet Rule 9(b)'s particularity requirement, which Plaintiff does not supply for any statement by Singh or Goldenberg. *See, e.g., Carlin v. United Healthcare Ins. Co. of N.Y., Inc.*, No. 24-CV-8435 (JMF), 2025 LX 327288, at *15 (S.D.N.Y. Sep. 4, 2025).

[8] The Complaint does not plausibly allege that Singh or Goldenberg agreed to, directed, or participated in the conduct of the purported enterprise's affairs as required by the "operation or management" test. *See, e.g., Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993); *U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432, 451–52 (S.D.N.Y. 2004) (providing services "helpful to the enterprise" is not enough).

[9] *See, e.g., Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972) ("pleadings cannot be based 'on information and belief'" unless "accompanied by a statement of the facts upon which the belief is founded").

[10] *Carlin*, 2025 LX 327288, at *14 (S.D.N.Y. Sep. 4, 2025) (quoting *One World, LLC v. Onoufriadis*, No. 21-374-cv, 2021 U.S. App. LEXIS 29370, at *3 (2d Cir. Sep. 29, 2021)).

[11] *See, e.g., Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244–45 (2d Cir. 1999).

[12] *Boneta v Rolex Watch USA, Inc.*, 232 F Supp 3d 354, 359 (S.D.N.Y. 2017).

[13] *Meese v. Miller*, 436 N.Y.S.2d 496, 500 (N.Y. App. Div. 1981).

[14] *Morgulis v. Bus Patrol Am., LLC*, 2024 U.S. Dist. LEXIS 136982, at *21 (S.D.N.Y. Aug. 1, 2024).

[15] *See, e.g., Hersh v. One Fifth Ave. Apartment Corp.*, 83 N.Y.S.3d 4, 5 (App. Div. 2018).



- 3 -

Fraud requires a material misrepresentation or omission made with scienter, reasonable reliance, and damages proximately caused thereby,[16] and such claims must be pled with particularity.[17] Here, the Complaint is comprised only of conclusory allegations that Moving Defendants "made material misrepresentations or omissions." Additionally, as regards Plaintiff's fraudulent concealment theory, a duty to disclose arises only where there is a fiduciary or confidential relationship.[18] Plaintiff also fails to plead justifiable reliance or proximate cause.

Count VII, Plaintiff's purported claim for aiding and abetting fraud, fails as a matter of law because Plaintiff does not adequately allege an underlying fraud by Singh or Goldenberg, actual knowledge of Hunsicker's fraud by the Moving Defendants,[19] or substantial assistance in achieving it.[20] Rather, the Complaint alleges, at most, that Singh and Goldenberg failed to disclose supposed information and approved or supported a loan, which is inadequate to plead either actual knowledge or substantial assistance under New York law.[21]

Count VIII, Plaintiff's purported claim for aiding and abetting breach of fiduciary duty, fails both to meet the pleading standard of Rule 9(b)[22] and as a matter of law because Plaintiff does not allege a primary breach of fiduciary duty,[23] actual knowledge by the Moving Defendants,[24] and "substantial assistance" that proximately caused the breach.[25] Additionally, the claim is subject to dismissal because Plaintiff fails to plead proximate causation and non-conclusory damages attributable to any supposed assistance by Singh or Goldenberg.

Count IX, Plaintiff's purported claim for civil conspiracy, fails because Plaintiff does not adequately plead an underlying tort. Courts do not permit plaintiffs to use conspiracy as a vehicle to impose vicarious liability where the underlying tort is not plausibly pled.[26] The conspiracy allegations here are conclusory and group-pleaded, asserting simply that all defendants "knew of and actively sought to further" a scheme led by Hunsicker, without particularized facts showing an agreement by Singh or Goldenberg or the who, what, when, and how of any overt acts.

Lastly, Count X, Plaintiff's purported claim for negligent misrepresentation, fails because the Complaint does not provide the requisite particularity[27] and because Plaintiff does not plead a "special or privity-like relationship" giving rise to a duty to impart correct information, nor any disparity of access to material facts between P180 and either Singh or Goldenberg.[28]

---

[16] *See Dover Ltd. v. A.B. Watley, Inc.*, 423 F. Supp. 2d 303, 327 (S.D.N.Y. 2006).

[17] *See Abercrombie v. Andrew Coll.*, 438 F. Supp. 2d 243, 274 (S.D.N.Y. 2006).

[18] *See Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 559 (S.D.N.Y. 2016). The Complaint pleads no such duty as to Singh, and as to Mr. Goldenberg the claim duplicates the fiduciary duty claim and fails for the same reasons.

[19] Actual knowledge must be pled with particularity, and conclusory assertions that a defendant "knew or should have known" are insufficient. *Global Mins. & Metals Corp. v. Holme*, 35 A.D.3d 93, 101–02 (1st Dept 2006).

[20] Routine participation in corporate affairs or silence in the face of another's statements is not substantial assistance. *See, e.g., Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co.*, 64 A.D.3d 472, 476 (1st Dept 2009).

[21] *See, e.g., Balanced Return Fund v. Royal Bank of Can.*, 2014 N.Y. Misc. LEXIS 6380, at *30 (Sup. Ct., N.Y. Cnty.).

[22] *See Leser v. Multi Capital Grp. LLC*, 13 N.Y.S.3d 850, 850 (Sup. Ct., Kings Cnty. 2015).

[23] *See Goldin v. Tag V.I. Inc.*, 2014 N.Y. Slip Op. 31308(U), ¶ 16 (Sup. Ct., N.Y. Cnty. 2014).

[24] *See Global Mins. & Metals*, 35 A.D.3d at 101–02.

[25] *See, e.g., Kaufman v. Cohen*, 307 A.D.2d 113, 126 (1st Dept 2003).

[26] *See, e.g., Alexander & Alexander of N.Y., Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986).

[27] *See Atlasman v Korol*, 238 AD3d 826, 830 (2d Dept 2025).

[28] *See, e.g., Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180–81 (2011).

**WILSON** ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

- 4 -

Consistent with Judge Marrero's procedure, please advise within seven days whether Plaintiff will amend to address these deficiencies. If Plaintiff elects not to amend, we will request a pre-motion conference to proceed with a motion to dismiss.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Richard W. Boone, Jr.

cc:    The Honorable Victor Marrero (via ECF)

Conor Tucker, Steptoe LLP (ctucker@steptoe.com)

Joshua Dunn, Vedder Price (jdunn@vedderprice.com)