**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

P180, INC.,

                      Plaintiff,

    —against—

JASWINDER PAL SINGH, CHRISTINE
HUNSICKER, GEORGE GOLDENBERG, SCOTT
CALLON, CHIRAG JAIN AND DOES 1-50,

                    Defendants.

Case No. 25-cv-4432-VM-SDA

---

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, Plaintiff P180, Inc. and Defendants Jaswinder Pal Singh, Christine Hunsicker, and George Goldenberg (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which either is restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

a.      previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design

fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

b.     previously nondisclosed information relating to ownership or control of any non-public company;

c.     previously nondisclosed sensitive commercial information relating to any party's business including, but not limited to, tax data; proposed strategic transactions or other business combinations; internal audit practices, procedures and outcomes; trade secrets; marketing plans and strategies; studies or analyses by internal or outside experts; competitive analyses; customer or prospective customer lists and information; product or service pricing or billing agreements or guidelines; and/or confidential project-related information;

d.     any documents or information subject to a contractual non-disclosure agreement with a third party, who has been notified pursuant to paragraph 13 of this Order;

e.     any information of a personal or intimate nature regarding any individual; or

f.     any other category of information hereinafter given confidential status by the Court.

3.     Any Party or non-party may designate any information it or any other party or non party produces (or previously has produced) as "Confidential" pursuant to the terms of this Stipulation and Order. Such information or parts thereof may be designated by stamping the

words "Confidential" on each page. Alternatively, the producing party may designate materials as "Confidential" by written notice to opposing counsel by setting forth a description of all materials to be designated as "CONFIDENTIAL," where stamping the term "CONFIDENTIAL" is impractical or not possible. For information produced in native format, such as Excel spreadsheets or PowerPoint presentations, the producing party may include a designation such as "CONF." in the file name.

4.    With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5.    With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the

entire deposition transcript will be treated as if it had been designated Confidential.

6.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he or it previously had produced without limitation should be designated as Confidential, she, he or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material thereafter will be deemed to be and treated as Confidential under the terms of this Protective Order.

7.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

     a.      the Parties to this action, their insurers, and counsel to their insurers;

     b.      counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

     c.      outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

     d.      any mediator or arbitrator who the Parties engage in this matter or that this Court appoints, provided such person has first executed a

Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e.    as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

f.    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g.    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, including any clerical and other assistant employed by such retained person and assigned to this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h.    any person serving as a mock juror in any jury test provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

i.    stenographers engaged to transcribe depositions conducted in this action; and

j.    this Court, including any appellate court, and the court reporters and support personnel for the same.

8.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(f), 6(g), or 6(h) above, such person shall be provided by

counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.      Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Aaron's Individual Practices.

10.     The production of privileged, attorney work-product, or otherwise protected documents, whether inadvertent or otherwise, is not a waiver of the privilege, attorney work-product protection, or any other protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738 . In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

11.     If a party has reason to believe that a produced document or other information it has received from another ("Receiving Party") may reasonably be subject to a claim of privilege, then the Receiving Party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and

shall inform the Producing Party of the information and identify the documents.

12.     A party who has produced a document or other information ("Producing Party") who desires to assert a claim of privilege, attorney work-product protection, or other protection from discovery on a document that has been produced (by it or any other party) may inform the other parties of such claim in writing (a "Clawback Request").  The Clawback Request must contain a succinct statement regarding the basis for the claim sufficient to enable the parties to confer regarding the document; but such statement shall not bind the party or, by inclusion or omission, waive any other bases for protection from discovery.

    a.  After a Clawback Request is received, the Receiving Party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose except as expressly authorized in this paragraph.  The Receiving Party shall delete and remove all physical or electronic copies of the document or information and shall delete the contents or other information about the document from any document or other item into which the contents or other information has been incorporated, except that the Receiving Party may retain one copy of the document for five (5) days to use only as expressly authorized in this paragraph.

    b.  Within twenty-four (24) hours of receipt of a Clawback Request the Receiving Party shall confirm compliance with paragraph 12(a) in writing.

    c.  If a Receiving Party disputes the claim of privilege, attorney work-product, or other protection made by the Producing Party, it may, within

seven (7) days of a Clawback Request, submit the issue to the court for determination by letter brief to the court using the procedures outlined in Section II of Magistrate Judge Aaron's Individual Practices. All Parties will be bound by the Court's determination. Only one letter brief challenging the claim may be filed, regardless of how many Receiving Parties challenge the claim. If more than one Receiving Party disputes the claim of privilege, attorney work-product, or other protection made by the Producing Party, it may join the letter brief submitted on the issue. If it does not join the initial letter brief disputing the claim, it may not thereafter file any separate letter brief in response or reply. If more than one party claims privilege, attorney work-product, or other protection unique from other parties claiming privilege, attorney work-product, or other protection, they may elect to join a single opposition or may file separate oppositions to the extent they address unique issues. The Receiving Party shall not file the document or information with the court; but if requested the Producing Party must make the document or information available for inspection in camera. If the Receiving Party files a letter brief as contemplated in this subparagraph, it may maintain one copy of the document or information until the issue is resolved.

d.  If any Receiving Party who has been served with a Clawback Request fails to submit the issue to the court within seven (7) days as contemplated in paragraph 12(c), that Receiving Party waives and forfeits any argument that such document is not privileged, attorney-work product, or otherwise

protected from discovery. This provision does not waive any arguments regarding subsequent Clawback Requests or protection of subsequently produced documents or information. This provision does not prohibit a Receiving Party from challenging the protection, on any basis, of any other documents or information, including on any Privilege Log, or subject to subsequent Clawback Requests, including claims made for the same or substantially similar reasons. This provision does not prevent the Court from ordering production of any document or information, or part of such document or information, (including the document or information not moved upon), if such document or information, or part of such document or information, is later found to be of a category or set of documents not protected from discovery.

e. If the Receiving Party does not file a letter brief pursuant to section 12(c) or if the matter is resolved such that the material is protected from discovery, the Receiving Party shall destroy any remaining copy(ies) of the material and promptly certify such destruction in writing. In such circumstance, the Producing Party shall promptly serve any necessary amended discovery, including an amended privilege log.

13. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. If a Party learns that such material is responsive to a request, it shall list such objection in its discovery response and serve such third party with that discovery response and a copy of this Order. The Party must include a verbatim copy of this paragraph, including the deadlines, in its cover email or cover-

letter to the third party.  Within twenty-one (21) days of that notice, the third party may seek a protective order or other relief from this Court. If neither the third party nor any other party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request.  Such information or documents shall be designated "Confidential" pursuant to this Order unless the third party consents in writing to de-designate such material or the Court Orders otherwise.

14.     Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

15.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it

appropriate to do so.

16.     All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters shall follow Section II(B)(3) of Magistrate Judge Aaron's Individual Practices. With respect to dispositive matters, the Individual Rules of the presiding District Judge shall be followed; if the parties have consented to the jurisdiction of Magistrate Judge Aaron for all purposes, then with respect to dispositive motions, Section III(E) shall be followed. The Parties shall use their best efforts to minimize such sealing.

17.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

18.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material

19.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, personal (non-employment related) email addresses, personal phone numbers, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person

receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.  In the event documents or information including PII are filed with the Court, the party may file them publicly so long as the PII is redacted.  If the PII is relevant to the argument or otherwise necessary to be discussed in specific relation to matters in this case, the party must seek to seal the documents pursuant to paragraph 16.

21.    This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Counsel for the parties may retain, only as necessary and appropriate, copies contained on automatic backups or pursuant to obligations to preserve documents or client files notwithstanding this paragraph.

22.    All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

Dated: February 12, 2026

STEPTOE LLP

/s/ *Conor Tucker*

By: Conor Tucker

Joseph Myer Sanderson
1114 Avenue of the Americas
New York, New York 10036
Tel.:  212-378-7615
Fax: 212-506-3950
josanderson@steptoe.com

Thomas Bernard Watson (pro hac vice)
Conor Tucker (pro hac vice)
Kaitlyn Sever (pro hac vice)
633 West Fifth Street
Suite 1900
Los Angeles, CA 90071
213-429-9400
twatson@steptoe.com
ctucker@steptoe.com

*Attorneys for Plaintiffs*

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

/s/ *Richard W. Boone Jr.*

By: Richard W. Boone Jr.
Kieran R. Lang
150 East 42nd Street
New York, NY 10017
Telephone: (212) 490-3000
Richard.boone@wilsonelser.com
kieran.lang@wilsonelser.com

*Attorneys for Defendants Jaswinder Pal
Singh and George Goldenberg*

VEDDER PRICE PC

/s/ *Joshua A. Dunn*

By: Joshua A. Dunn
1633 Broadway 31st Floor
New York, New York 10019
Telephone: (212) 407 7791
Email: jdunn@vedder.com

*Attorneys for Defendant
Christine Hunsicker*

SO ORDERED:

_____

STEWART D. AARON
United States Magistrate Judge
Dated: February 13, 2026

-14-