

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

April 21, 2026

**Richard W. Boone Jr.**
212.915.5972 (direct)
Richard.Boone@wilsonelser.com

**VIA E-MAIL AND ECF**
Joseph M. Sanderson, Steptoe LLP
josanderson@steptoe.com

> **RE:** *P180, Inc. v. Singh et. al.*, Case No.: 1:25-cv-04432-VM (S.D.N.Y.)

Dear Joe,

As you know, our firm represents Defendants Jaswinder Pal Singh ("Singh") and George Goldenberg ("Goldenberg") (the "Moving Defendants"). We write pursuant to Rule II.B.1 of Judge Marrero's Individual Practices to notify Plaintiff that the Moving Defendants intend to move to dismiss all claims against them, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

The purported claims against Singh and Goldenberg in the Amended Complaint are deficient in essentially all respects. As a threshold matter, Plaintiff fails to allege that P180 is duly authorized to sue, a jurisdictional defect that alone warrants dismissal.[1] More fundamentally, the Amended Complaint repeatedly lumps "Defendants" together without specifying each person's conduct, which is insufficient under Rules 8 and 9(b).[2] Plaintiff's allegations amount to nothing more than supposition that, because Defendant Hunsicker was indicted for fraud, the Moving Defendants must also be involved. Moreover, even absent this impermissible lumping, each claim against Singh and Goldenberg would still fail for multiple reasons, set forth below.

Counts I and II, alleging RICO violations, should be dismissed as each fails to meet any standard for asserting such claims against Singh or Goldenberg. Courts have cautioned that civil RICO is a "thermonuclear device" and that "courts should strive to flush out frivolous RICO allegations at an early stage."[3] Dismissal is warranted where, as here, ordinary fraud theories are dressed up with conclusory "enterprise" and "pattern" labels.

To sustain Count I under 18 U.S.C. § 1962(c), Plaintiff must adequately plead that the Moving Defendants conducted a RICO enterprise's affairs through two predicate acts of racketeering.[4] The Amended Complaint fails to adequately allege the existence of a RICO enterprise,[5] a pattern of racketeering activity,[6] specific predicate acts,[7] operational management by

---

[1] *See, e.g., Knox v. Zarzeski*, No. 05 Civ. 10694, 2006 U.S. Dist. LEXIS 117784, at *17 (S.D.N.Y. July 11, 2006).

[2] *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001); *Daly v. Kochanowicz*, 67 A.D.3d 78, 90 (2d Dept 2009).

[3] *See Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. June 25, 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (quoting *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991); *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990)).

[4] *See Crawford v. Franklin Credit Mgmt.*, 758 F.3d 473, 487 (2d Cir. 2014).

[5] An association-in-fact requires purpose, relationships, and longevity sufficient to pursue that purpose, none of which is plausibly alleged here. *See, e.g., Boyle v. United States*, 556 U.S. 938, 946 (2009).

[6] Plaintiff fails to plead related predicates that amount to or pose a threat of continued criminal activity. *See, e.g., H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

[7] Fraud predicates must meet Rule 9(b)'s particularity requirement, which Plaintiff does not supply for any statement

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Long Island, NY
Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA | Merrillville, IN
Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR | Raleigh, NC
San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

- 2 -

Singh or Goldenberg,[8] or concrete injury to Plaintiff.  Instead, it proffers only conclusory allegations that the Moving Defendants "conspired to" engage in or "participated in" the supposed RICO enterprise's affairs by simply performing routine obligations of his position at CaaStle.[9] (*See* Am. Compl., ¶ 318).

To sustain Count II under 18 U.S.C. § 1962(d), Plaintiff "must allege that the [Moving Defendants] participated in 'an agreement to violate RICO's substantive provisions.'"[10]  This claim fails because Plaintiff has not alleged any predicate RICO violation.  Regardless, the Amended Complaint lacks non-conclusory allegations that the Moving Defendants agreed with Hunsicker to form or associate with a RICO enterprise and to commit at least two predicate acts constituting a pattern.[11]  Moreover, "a corporation cannot conspire with itself or with its own employees or agents."[12]

Count III, the conversion claim, fails because the Amended Complaint does not plead "legal ownership or an immediate superior right of possession to a specific identifiable thing" or that the Moving Defendants "exercised an unauthorized dominion over that property."[13]  Although the Amended Complaint identifies certain transfers, it does not establish that the Moving Defendants individually exercised unauthorized dominion over specific, identifiable funds belonging to P180, as distinct from conduct undertaken as corporate officers in the ordinary course. Plaintiff has only provided a "threadbare recital of the elements of a conversion claim, without any accompanying factual basis," which is "woefully insufficient to survive a motion to dismiss."[14]

Count V, the breach of fiduciary duty claim against Goldenberg, fails because the Amended Complaint does not plead non-conclusory facts showing bad faith, dishonest intent, self-dealing, or breach of any specific duty owed to P180.  Plaintiff effectively claims only that Goldenberg participated in board discussions or negotiations where Hunsicker allegedly concealed information.[15]  To the extent the Amended Complaint alleges that Goldenberg negotiated a loan to P180 or facilitated fund transfers, these describe conduct undertaken as a corporate director and do not overcome the business judgment rule absent well-pled facts demonstrating personal benefit rather than legitimate corporate purpose.  Additionally, the Amended Complaint does not connect any decision by Goldenberg to any loss proximately caused thereby.

Count VI, the hybrid claim for fraudulent inducement, fraudulent concealment, and constructive fraud, fails to meet Rule 9(b)'s pleading standard and fails as a matter of law.  Fraud requires a material misrepresentation or omission made with scienter, reasonable reliance, and

---

by Singh or Goldenberg.  *See, e.g., Carlin v. United Healthcare Ins. Co. of N.Y., Inc.*, No. 24-CV-8435 (JMF), 2025 U.S. Dist. LEXIS 172373, at *15 (S.D.N.Y. Sept. 4, 2025).

[8] Plaintiff does not plausibly allege Singh's or Goldenberg's participation in the conduct of the purported enterprise's affairs as required by the "operation or management" test.  *See, e.g., Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993); *U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432, 451–52 (S.D.N.Y. Feb. 6, 2004).

[9]  *See Lateral Recovery, LLC v. Cap. Merch. Servs., LLC*, 632 F. Supp. 3d 402 (S.D.N.Y. Sept. 30, 2022).

[10] *Carlin*, 2025 U.S. Dist. LEXIS 172373 at *14 (S.D.N.Y. Sep. 4, 2025) (quoting *One World, LLC v. Onoufriadis*, No. 21-374-cv, 2021 U.S. App. LEXIS 29370, at *3 (2d Cir. 2021)).

[11] *See, e.g., Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244–45 (2d Cir. 1999).

[12] *Boneta v Rolex Watch USA, Inc.*, 232 F. Supp. 3d 354, 359 (S.D.N.Y. Feb. 3, 2017).

[13] *Meese v. Miller*, 436 N.Y.S.2d 496, 500 (4th Dept 1981).

[14] *Morgulis v. Bus Patrol Am., LLC*, 24 Civ. 113, 2024 U.S. Dist. LEXIS 136982, at *21 (S.D.N.Y. Aug. 1, 2024).

[15] *See, e.g., Hersh v. One Fifth Ave. Apartment Corp.*, 163 A.D.3d 500 (1st Dept 2018).



- 3 -

damages proximately caused thereby,[16] pled with particularity.[17]  The Amended Complaint contains only conclusory allegations that the Moving Defendants "made material misrepresentations or omissions" and had a fiduciary duty of disclosure.[18]  The "special facts" doctrine does not salvage the claim as to Singh because it requires that information be "peculiarly within" the defendant's knowledge and that the plaintiff lack means of independent discovery, neither of which is adequately alleged here.[19]  Plaintiff also fails to plead justifiable reliance or proximate cause.

Count VII, for aiding and abetting fraud and/or co-conspirator liability, fails because Plaintiff does not adequately allege an underlying fraud by the Moving Defendants, their actual knowledge of Hunsicker's fraud,[20] or substantial assistance in achieving it.[21]  The Amended Complaint alleges, at most, that Singh and Goldenberg failed to disclose information and approved a loan, which is inadequate under New York law.[22]

Count VIII, for aiding and abetting breach of fiduciary duty, fails to meet Rule 9(b)'s pleading standard and fails[23] as a matter of law because Plaintiff does not allege a primary breach,[24] actual knowledge by the Moving Defendants,[25] or "substantial assistance" proximately causing the breach.[26]  The claim is also subject to dismissal because Plaintiff fails to plead nonconclusory damages attributable to any assistance by Singh or Goldenberg.

Lastly, Count IX, the negligent misrepresentation claim, fails because the Amended Complaint lacks the requisite particularity[27] and does not plead a "special or privity like relationship" giving rise to a duty to impart correct information, nor any disparity of access to material facts between P180 and either Singh or Goldenberg.[28]

Consistent with Judge Marrero's procedure, please advise within seven days whether Plaintiff will amend to address these deficiencies.  If Plaintiff elects not to amend, we will request a pre-motion conference to proceed with a motion to dismiss.

---

[16] *See Dover Ltd. v. A.B. Watley, Inc.*, 423 F. Supp. 2d 303, 327 (S.D.N.Y. Mar. 27, 2006).

[17] *See Abercrombie v. Andrew Coll.*, 438 F. Supp. 2d 243, 274 (S.D.N.Y. June 13, 2006).

[18] *See Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 559 (S.D.N.Y. Mar. 1, 2016).

[19] *See, e.g., Mallis v. Bankers Trust Co.*, 615 F.2d 68, 80 (2d Cir. 1980).  As to Mr. Goldenberg the claim duplicates the fiduciary duty claim and fails for the same reasons.

[20] Actual knowledge must be pled with particularity, and conclusory assertions that a defendant "knew or should have known" are insufficient.  *Global Mins. & Metals Corp. v. Holme*, 35 A.D.3d 93, 101–02 (1st Dept 2006).

[21] Routine participation in corporate affairs or silence in the face of another's statements is not substantial assistance. *See, e.g., Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co.*, 64 A.D.3d 472, 476 (1st Dept 2009).

[22] *See, e.g., Balanced Return Fund v. Royal Bank of Can.*, No. 600949/2009, 2014 N.Y. Misc. LEXIS 6380, at *30 (Sup. Ct. N.Y. Cnty. 2014).  Moreover, to the extent Count VII attempts to assert "co-conspirator liability," New York does not recognize an independent cause of action for civil conspiracy and the alleged conspiracy is not pled with the requisite particularity.  *See Dragons 516 Ltd. v Knights Genesis Inv. Ltd.*, 2023 NY Slip Op 50020(U), at *18 (Sup. Ct. N.Y. Cnty. 2023).

[23] *See Leser v. Multi Capital Grp. LLC*, 13 N.Y.S.3d 850 (Sup. Ct. Kings Cnty. 2015).

[24] *See Goldin v. Tag V.I. Inc.*, 2014 N.Y. Slip Op. 31308(U), ¶ 16 (Sup. Ct. N.Y. Cnty. 2014).

[25] *See Global Mins. & Metals*, 35 A.D.3d at 101–02.

[26] *See, e.g., Kaufman v. Cohen*, 307 A.D.2d 113, 126 (1st Dept 2003).

[27] *See Atlasman v Korol*, 238 A.D.3d 826, 830 (2d Dept 2025).

[28] *See, e.g., Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180–81 (2011).



- 4 -

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Richard W. Boone Jr.

cc:    The Honorable Victor Marrero (Via ECF)

Conor Tucker, Steptoe LLP (ctucker@steptoe.com)

Joshua Dunn, Vedder Price (jdunn@vedderprice.com)