

**Thomas E. Butler**

810 Seventh Avenue, Suite 500 | New York, NY 10019
Direct 212.714.3070 | Fax 212.631.4431
butlert@whiteandwilliams.com | whiteandwilliams.com

June 3, 2026

<u>**Via ECF**</u>
Honorable Victor Marrero, U.S.D.J.
United States Courthouse, Southern District of New York
500 Pearl Street, Courtroom 15B
New York, NY 10007

RE:    <u>*P180, Inc. v. Corlito, et al., Case No. 25-cv-04432-VM-SDA*</u>

Dear Judge Marrero:

This firm represents Defendant Dayna Corlito in the above-referenced action.  Pursuant to Practice Rule II.B.1, we write to advise the Court and P180, Inc. of our intention to file a Rule 12(b)(6) motion to dismiss the claims asserted against Ms. Corlito in the Amended Complaint (ECF No. 89) for the reasons discussed below.

**Count I** (**RICO Culpable Party**): As a threshold matter, P180 fails to allege sufficiently an "association-in-fact" enterprise under 18 U.S.C. § 1961(4).  An association-in-fact enterprise arises when a group of people associate together for the common purpose of engaging in a course of conduct.  *Boyle v. United States*, 556 U.S. 938, 946 (2009) (citations omitted).  The key to an association-in-fact enterprise is intrarelationships between the parties – coming together for a common purpose, functioning as a single unit and "put together to form a whole."  *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 374-75 (3d Cir. 2010) (a "rimless hub-and-spoke configuration would not satisfy the 'relationships' prong of *Boyle's* structure requirement") (quotes and citations omitted).

The Amended Complaint does not plausibly imply a common purpose or relationship between the Defendants that would give rise to an association-in-fact enterprise.  Rather, at most, P180 alleges a "rimless hub-and-spoke" configuration of various individual with no connecting force between Ms. Corlito's activities as an employee of CaaStle and the allegedly fraudulent activities of Defendant Directors Christine Hunsicker, Jaswinder Singh, Scott Callon, and George Goldenberg (collectively "Defendant Directors").

While the Amended Complaint contains allegations that Ms. Corlito maintained relationships with other CaaStle employees (*see e.g.,* Amended Complaint, ¶¶ 308, 310), there are no allegations that Ms. Corlito maintained a relationship or even had communications with the Defendant Directors other than Hunsicker.  Further, while the Amended Complaint alleges Ms.

Connecticut | Delaware | Maryland | Massachusetts | New Jersey | New York | Pennsylvania | Rhode Island

51993533v.1

Corlito may have assisted in a scheme to defraud investors, there are no allegations that Ms. Corlito communicated or interacted with the Defendant Directors to carry out the separate and distinct purported scheme to defraud P180.  In short, there are no allegations tying Ms. Corlito with the Defendant Directors to even argue they operated as a single functioning unit, "put together to form a whole," with the other CaaStle executives to defraud P180 as required by *Boyle*.  This failure to plausibly allege an "enterprise" is fatal to P180's RICO claims against Ms. Corlito.

P180 also fails to plead facts from which it can be inferred that Ms. Corlito **participated in the operating, managing or directing of the alleged enterprise's affairs**.  18 U.S.C. § 1962(c); *see also In re Motel 6 Secs. Litig.*, 161 F. Supp. 2d 227, 248 (S.D.N.Y. 2001) (to be a culpable RICO person "one must have a part in directing those affairs").  At best, the Amended Complaint alleges Ms. Corlito's *assistance* to the enterprise, but "the mere fact that a defendant may have aided in the alleged scheme to defraud, even if that aid was intentional, does not give rise to liability under § 1962(c)." *EverCare Choice Inc. v. PKR O'Conner Davies, LLP*, No. 20-CV-02733, 2026 U.S. Dist. LEXIS 106382, *30 (S.D.N.Y. May 11, 2026).

Moreover, the Amended Complaint fails to plead any facts plausibly suggesting that Ms. Corlito had knowledge of the alleged enterprise's scheme to defraud P180.  *Black v. Ganieva*, 619 F. Supp. 3d 309, 331 (S.D.N.Y. June 30, 2022) (actionable RICO claim not pled where "it does not appear from the allegations in the complaint that [two sets of defendants] were even aware of the extortionate conduct of [another set of defendants]") (quotation omitted).  The absence of facts imputing knowledge to Ms. Corlito of the enterprise goal to defraud P180 is fatal to holding Ms. Corlito liable as a culpable person under 18 U.S.C. § 1961(c).

Further, P180 fails to sufficiently plead that Ms. Corlito participated in any the wire, bank fraud or money laundering that constitute the predicate RICO acts.  P180's broad allegations that "Defendants" attended certain telephonic and other meetings at which false statements were allegedly made to Brendan Hoffman and others (*see e.g.,* Amended Complaint, ¶ 307 a.-e.) or otherwise electronically disseminated false information to Hoffman and the public (*see e.g.,* Amended Complaint, ¶ 314 a. – c.) is not sufficient to constitute predicate acts by Ms. Corlito.  *See Mid-Hudson Anesthesiologists, P.C. v. St. Luke's Cornwall*, No. 24-CV-4740 (NSR), 2026 U.S. Dist. LEXIS 55969, *11 (S.D.N.Y. Mar. 16, 2026) ("A pleading that merely lumps all defendants together without distinguishing their actions fails to provide adequate notice and cannot survive a motion to dismiss." (citation omitted)).

Similarly insufficient are P180's conclusory accusations that Ms. Corlito was "falsifying financial documents regarding growth, business metrics and finances." *See e.g.,* Amended Complaint, ¶¶ 308, 310 and 325. The Amended Complaint does not contain any specific examples of Ms. Corlito falsifying any financial records that were provided to Hoffman or anyone else related to P180.  Rather, it specifically alleges that Hunsicker herself was responsible for falsifying the data (Amended Complaint, ¶ 273) and that Hunsicker, alone, created false income statements after having been supplied with the correct information by the CaaStle finance department. Amended Complaint, ¶¶ 54-55.  *See Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 473 (S.D.N.Y. 2006) ("[C]onclusory allegations are insufficient to survive a motion to dismiss RICO claims."), *aff'd*, *Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 F. App'x 31 (2d Cir. 2008).

Honorable Victor Marrero, U.S.D.J.                                                         Page 3
June 3, 2026

        **Count II (RICO Conspiracy):** Section 1962(d) prohibits any person from conspiring to violate subsections (a)-(c).  18 U.S.C. § 1962(d).  P180's failure to meet its pleading requirements for the Section 1962(c) claim necessarily dooms that claim against Ms. Corlito.  *See Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 658 (S.D.N.Y. 1996) (citing *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 495 (6th Cir. 1990)) (when a complaint fails to state a claim under either §§ 1962(a), 1962(b) or 1962(c), then a claim under § 1962(d) fails as well).  Further, the conspiracy claim fails because, as noted above, P180 does not set forth facts from which Ms. Corlito's knowledge of the enterprise's scheme to defraud P180 may be plausibly inferred.  *See Abbot Labs v. Adelphia Supply USA,* Case No. 15-cv-5826, 2017 U.S. Dist. LEXIS 1007 at *35-36 (S.D.N.Y. Jan. 4, 2017) (conclusory allegations of knowledge and agreement are not sufficient to support a RICO conspiracy claim).

        **Count III (Conversion**): The conversion claim against Ms. Corlito should be dismissed because it impermissibly tries to convert what at most is a straightforward breach of contract claim into a conversion claim.  The Amended Complaint specifically alleges that Jain managed P180's accounts through a shared services arrangement.  *See* Amended Complaint, ¶ 227.  Any allegedly improper transfer of funds from the account would therefore be a breach of the services arrangement, not a conversion.  *See CDR Creances S.A. v Euro-American Lodging Corp.*, 40 A.D.3d 421, 422 (1st Dep't 2007) (dismissing conversion claim as duplicative of breach of contract claim). Further, control over the funds in P180's account was initially lawful pursuant to the shared services arrangement, and the Amended Complaint fails to allege any facts indicating P180 demanded the return of the funds and was refused.  *See Salatino v. Salatino*, 64 A.D.3d 923, 925 (3rd Dep't 2009) ("where possession of property is initially lawful, conversion occurs when there is a refusal to return the property upon demand.").

        **Count VII (Aiding & Abetting Fraud and/or Co-Conspirator Liability) and Count VIII (Aiding & Abetting Breach of Fiduciary Duty):** The claim for co-conspirator liability against Ms. Corlito necessarily fails because there is no independent cause of action for civil conspiracy under New York law, and one cannot aid and abet a tort that does not exist.  *See Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. For Cancer Research*, 174 A.D.3d 473, 474 (1st Dep't 2019) (dismissing the civil conspiracy claim because civil conspiracy is not recognized as an independent tort in New York).

        The aiding and abetting claims against Ms. Corlito are also deficient because they lack any plausible basis to conclude that Ms. Corlito had actual knowledge of, and provided substantial assistance to, the alleged fraud involving P180 or to Hunsicker and Goldberg's alleged breach of fiduciary duty to P180.  *See Betz v. Blatt*, 160 A.D.3d 696, 700 (2nd Dep't 2018) (aiding and abetting fraud "requires knowledge of the fraud by aider and abettor"); *Baron v. Galasso*, 83 A.D.3d 626, 628 (2nd Dep't 2011) (aiding and abetting breach of fiduciary requires allegation defendant had knowledge of and substantially assisted the breach).  At best, the Amended Complaint contains bare allegations that Ms. Corlito "agreed to the plan to deceive P180" without further support, and alleges Ms. Corlito had knowledge of alleged fraud with CaaStle specifically and not P180.  *See* Amended Complaint, ¶ 366.

        For all of the foregoing reasons, the claims against Corlito must be dismissed.

Honorable Victor Marrero, U.S.D.J.                                                          Page 4
June 3, 2026


Respectfully submitted,

WHITE AND WILLIAMS LLP


Thomas E. Butler

TEB:CQ

51993533v.1