ENDORSEMENT: The parties shall file a joint letter regarding the status of discovery on Tuesday, September 1, 2026. The relief sought by P180 herein shall be addressed by separate Letter Motion, indicating if Defendants have any opposition to the request.
SO ORDERED.
Dated: July 1, 2026

Conor Tucker
213 439 9472
ctucker@steptoe.com

633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
www.steptoe.com

**Steptoe**

**VIA ECF**                                                                June 30, 2026

Hon. Stewart D. Aaron, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1970
New York, NY 10007

> Re:   *P180, Inc. v. Singh, et al.*, No. 25 Civ. 4432 (VM) (SDA)
> **Joint Letter Regarding Status of Discovery**

Dear Judge Aaron:

We represent Plaintiff P180, Inc., in the above-captioned action, and write jointly with Defendants Singh, Goldenberg, Hunsicker, and Corlito (the defendants who have appeared in this action to date)[1] pursuant to Your Honor's order (Doc. 83) directing the parties to file a joint status letter regarding progress in discovery.

*Initial Disclosures.* P180, Singh, Goldenberg, and Hunsicker have served initial disclosures. Corlito, who was added as a defendant in the First Amended Complaint, and P180 have agreed to exchange initial disclosures by July 17, 2026.

*Written Discovery.* P180, Singh, Goldenberg, and Hunsicker have each served document requests and have each served responses and objections to the other side's requests. Additionally, P180 served requests for admissions on Singh, Goldenberg, and Hunsicker, who served responses and objections. No party has yet served interrogatories.

P180 has sent meet-and-confer letters to Hunsicker, Singh, and Goldenberg regarding the adequacy of their responses and has requested times to meet and confer to see if those disputes can be resolved without motion practice. The parties will inform the Court if informal resolution efforts are unsuccessful.

*Depositions.* No depositions have been scheduled to date. The parties are still engaged in written discovery and document productions. As a result of a stipulation with CaaStle's bankruptcy trustee that has recently expired, P180 consented to a stay of depositions in this matter, which the Court entered as an Order (Doc. 62). As there is no longer any stipulated restriction on P180's ability to take depositions, P180 respectfully requests that the Court lift the stay on depositions it granted pursuant to that stipulation.

*Third Party Discovery.* P180 has issued third-party document subpoenas to John Hennessy and Princeton University. P180 also anticipates serving document subpoenas on additional third parties, including the Trustee for CaaStle's bankruptcy estate. Defendants have

---

[1] Both Defendant Jain, whom P180 believes to be in India, and Defendant Callon, whom P180 believes to be in Japan yet who is nonetheless represented by counsel from Morgan Lewis practicing in New York, have to date refused to accept service. Service efforts are ongoing.

**Steptoe**

Hon. Stewart D. Aaron, U.S.M.J.,
June 30, 2026
Page 2

not issued any third-party subpoenas to date. Depositions of certain third parties are also anticipated later this year.

**

At present, the parties believe that the current discovery schedule remains achievable. We will inform the Court promptly if there are any discovery disputes that cannot be resolved informally and require the Court's intervention.

Respectfully submitted,

*/s/ Conor Tucker*

Conor Tucker