

Richard W. Boone, Jr.
212.915.5972 (direct)
212.490.3000 (main)
Richard.Boone@wilsonelser.com

July 17, 2026

**<u>VIA ECF</u>**
Hon. Stewart D. Aaron, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1970
New York, NY 10007

**RE:    *P180, Inc. v. Singh, et al.*, No. 25 Civ. 4432 (VM) (SDA) - Defendants' Opposition to Plaintiff's Letter Motion to Lift Stay on Depositions**

Dear Judge Aaron:

We write on behalf of Defendants Jaswinder Pal Singh and George Goldenberg in opposition to Plaintiff P180, Inc.'s letter motion dated July 13, 2026 (Doc. 126), seeking to lift the deposition stay entered by Your Honor's December 15, 2025 Order (the "December 15 Order"). The motion should be denied because the condition precedent in the December 15 Order has not been satisfied.

The December 15 Order stayed "[t]he depositions to be taken by Plaintiff . . . until further Order of this Court, following any action in the Delaware Bankruptcy Court on the Trustee's pending motion for a preliminary injunction." (Dkt. 62 ¶ 1.) Two requirements must be met before the stay lifts: (1) the Bankruptcy Court must take "action" on the Trustee's motion, and (2) this Court must enter a "further Order." Although Plaintiff now asks for such further order, the Bankruptcy Court has not yet taken action.

The Trustee's preliminary injunction motion has never been withdrawn, denied, or granted as to P180. Instead, P180 and the Trustee negotiated two successive stipulations, the First Stipulation (approved Nov. 19, 2025) and the Second Stipulation (approved Mar. 31, 2026), which merely continued the hearing and imposed limited discovery restrictions during the stipulations' terms. The Second Stipulation's term expired on June 18, 2026.

Crucially, the expiration of a stipulation's term is not "action in the Delaware Bankruptcy Court on the Trustee's pending motion." The stipulations did not resolve the motion; they merely postponed the hearing. The Trustee's motion remains pending and unresolved, precisely the circumstance the December 15 Order contemplated in continuing the stay.

Further, both stipulations provide that they "shall not be cited, used, or relied upon by any party as evidence or argument for or against the Trustee's preliminary injunction motion."

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Long Island, NY
Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA | Merrillville, IN
Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR | Raleigh, NC
San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY



Accordingly, P180 cannot argue that the stipulation's expiration operates as a favorable "resolution" satisfying the December 15 Order's precondition.  That argument necessarily "uses" and "relies upon" the stipulation as "argument" bearing on the motion's status, the very thing the stipulation forbids. Moreover, having voluntarily negotiated stipulated continuances rather than seeking an adjudication on the merits, P180 cannot now argue that the resulting absence of a ruling satisfies the December 15 Order's condition.  P180 is the reason that no ruling was issued, and it can prompt the Bankruptcy Court for such a ruling if it wants one.

P180's reliance on Federal Rule of Civil Procedure 26(d)(3) and the general principle that discovery may proceed in "any sequence" is beside the point. The issue is not whether depositions may occur in some abstract sense, but whether the specific condition precedent in the December 15 Order has been satisfied. It has not.

P180 also argues that Ms. Hunsicker's guilty plea and anticipated sentencing create urgency to depose her before she surrenders to serve a custodial sentence. However, depositions can and do take place in such a setting.  Regardless, that concern does not bear on the threshold question of whether the Bankruptcy Court has "acted on" the Trustee's motion. More importantly, the December 15 Order already provides a safety valve for exactly this situation: "in the event that a deposition is necessary to preserve testimony due to the unavailability or potential unavailability of a witness, Plaintiff may make an application to take such deposition notwithstanding the provisions of this Order." (Dec. 15 Order ¶ 1.) P180 has not availed itself of this targeted mechanism, and instead seeks a blanket lifting of the stay, relief far broader than necessary even under its own stated rationale.

Last, P180's general assertions about fading witness memories and the December 11, 2026 fact discovery deadline do not justify departing from the December 15 Order. Those scheduling concerns exist in every case subject to a discovery stay, and they were foreseeable when the Court entered the stay.

Entirely apart from the Bankruptcy Court stay, there is an independent reason to maintain the current deposition stay: Defendants' pending motion to dismiss. That motion, if granted, could result in the dismissal of all claims asserted against Defendants Singh and Goldenberg, or could substantially narrow the scope of claims and issues remaining in this action. Until the Court rules, the full extent of Defendants' potential exposure, and which causes of action, if any, will survive, remains unknown. To be clear, Defendants do not seek to stay all discovery pending the motion to dismiss, other discovery is already being conducted, but only depositions, which are the most burdensome and expensive form of discovery.

Proceeding with broad, wide-ranging depositions of Defendants and third-party witnesses while a potentially dispositive or claim-narrowing motion remains pending risks imposing significant and entirely unnecessary discovery costs and burdens on both the Defendants and the witnesses. Courts routinely recognize that conducting expensive depositions before the resolution



- 3 -

of a motion to dismiss is inefficient and imposes needless burden on the moving party, particularly where, as here, the surviving causes of action and their scope will not be known until the motion is decided. *Spinelli v NFL*, 2015 US Dist LEXIS 155816, at \*5 (SDNY Nov. 17, 2015) (granting a stay of discovery noting that the complexity of the case, the number of depositions to be held, and that a stay pending the motion to dismiss would have "the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable."). The Federal Rules themselves mandate that litigation be conducted to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Permitting Plaintiff to conduct an unrestricted slate of depositions before this Court has ruled on the motion to dismiss would be neither inexpensive nor just to Defendants.

The proportionality principles embedded in Rule 26(b)(1) reinforce this point: discovery must be "proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Depositions are among the most expensive discovery tools available. Requiring Defendants to sit for and defend depositions on claims that may soon be dismissed, or narrowed beyond recognition, is the definition of disproportionate burden. Notably, Defendants are not seeking to stay all discovery, document discovery and other written discovery continue apace, but only the depositions, where the burden is greatest and where efficiencies from awaiting the motion to dismiss ruling are most pronounced. And, as noted above, the December 15 Order already provides a targeted safety valve: if P180 genuinely needs to preserve testimony from an unavailable witness, it may apply to take a specific deposition notwithstanding the stay. (Dec. 15 Order ¶ 1.) A blanket lifting of the stay for wide-ranging depositions is neither necessary nor proportional under these circumstances.

For the foregoing reasons, Defendants Jaswinder Pal Singh and George Goldenberg respectfully request that the Court deny P180's letter motion and maintain the deposition stay until the Bankruptcy Court actually rules on (or the parties otherwise consensually resolve) the Trustee's pending preliminary injunction motion as it applies to P180.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Richard W. Boone, Jr.

cc:    All counsel of record (via ECF)