Joseph M. Sanderson
212 378 7615
josanderson@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com



July 20, 2026

**VIA ECF**

Hon. Stewart D. Aaron, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1970
New York, NY 10007

> Re:    *P180, Inc. v. Singh, et al.*, No. 25 Civ. 4432 (VM) (SDA)
> **Reply in Support of Plaintiff P180, Inc.'s Letter Motion to Lift Stay on Depositions**

Dear Judge Aaron:

We write on behalf of Plaintiff P180, Inc. to reply to the letter by Defendants Singh and Goldenberg (Doc. 127) in opposition to P180's request to lift the stay on depositions (Doc. 126).

Defendants principally argue that there has not been "any action in the Delaware Bankruptcy Court on the Trustee's pending motion for a preliminary injunction" (Doc. 62 ¶ 1). They assert that the "Bankruptcy Court has not yet taken action" so that relief here is not appropriate, but that is wrong on its own terms and changes the language that this Court used.

*First*, there has been action "in the Delaware Bankruptcy Court". The Chapter 7 Trustee for CaaStle's bankruptcy estate initially filed a motion to enjoin discovery here. The parties then entered into two so-ordered stipulations whereby P180 and the Trustee agreed to limited stays on discovery. Both those stipulations in the Delaware Bankruptcy Court (Docs. 50-1 and 50-2) have expired according to their own terms, the latter of which expired by its terms on June 18, 2026, more than a month ago.

Since then, the Trustee has made zero effort to re-impose any restrictions. He has not asked the Bankruptcy Court for a hearing on his old motion, which is required under local procedures. Nor has he not told P180 that he intends to do so. He has given no indication whatsoever that he intends to do anything other than let sleeping dogs lie.

Further, the language of the stipulations supports the fact that there has been action in the Delaware Bankruptcy Court. The stipulations are both stipulated *orders*; the Bankruptcy Court so-ordered them. Both stipulated orders contemplated resolving the temporary restrictions on P180's conduct of discovery in one of three ways: order of the Bankruptcy Court, passage of time, or further stipulation. So, for example, the First Stipulation provided that it would "remain in force" until "the sooner of" the following: "(i) the Court's order on the continued hearing on the Trustee's motion for preliminary injunction, (ii) one hundred ninety five (195) days from the signing of this Stipulation, or (iii) a further stipulation by the Parties and Order thereon." The Second Stipulation subsequently extended those terms through June 18, 2026. Nothing further is required under the Bankruptcy Court's orders now that the requisite time has passed, and P180 is no longer restricted in the discovery it can pursue here.

**Steptoe**

Hon. Stewart D. Aaron, U.S.M.J.
July 20, 2026
Page 2

Thus, there has been "action in the Delaware Bankruptcy Court on the Trustee's pending motion for a preliminary injunction" that fully satisfies this Court's Order. So there is no basis for continuing the stay.

*Second*, Defendants argue that the Bankruptcy Court must act on or issue an order on the Trustee's motion before this Court can lift the stay. But that is not what this Court's order says. The Court imposed the stay until "any action in the Delaware Bankruptcy Court on the Trustee's pending motion for preliminary injunction." (Doc. 62). The Court did *not* stay depositions pending "action *by* the Bankruptcy Court," because a motion can be withdrawn or abandoned without the Bankruptcy Court having to do anything. Here, the Trustee allowed the stipulation to lapse; that is enough.

Defendants' argument also defies basic common sense. Plainly, this Court did not intend to order a permanent stay of depositions if, say, the Trustee abandoned its motion without a formal ruling on it. The obvious reading of this Court's order is that it wanted to respect the Bankruptcy Court's process and avoid spending judicial resources litigating an issue that was actively being litigated elsewhere, not that it wanted to leave this case in suspended animation indefinitely once there was no Bankruptcy Court obstacle.

Defendants engage in further attempts to twist language rather than offering any legitimate reason to delay discovery. They observe that "both stipulations provide that they 'shall not be cited, used, or relied upon by any party as evidence or argument for or against the Trustee's preliminary injunction motion,'" but then argue that means that "P180 cannot argue that the stipulation's expiration operates as a favorable 'resolution' satisfying the December 15 Order's precondition." That is simply not what it says: P180's letter *in this Court* is not "evidence or argument for or against the Trustee's preliminary injunction motion" *in a different court*. This boilerplate, no-admissions language has nothing to do with this Court's exercise of its own discretion to manage discovery in these proceedings before it.

The stipulations' expiry therefore obviates any basis for a one-sided stay of P180's ability to depose witnesses. Defendants' misreading of this Court's order as requiring the Bankruptcy Court rule on a motion that isn't properly before it and may never be is a play for delay.

*Third*, Defendants are not, and were not, parties to the Trustee's motion nor to the stipulations. Nor are they aligned—the Trustee is suing them for violating their duties to CaaStle. They simply lack standing to raise the estate's interests here to try to obtain delay.

*Fourth*, Defendants' opposition is gamesmanship. Singh and Goldenberg want to be able to take all the discovery they want while Plaintiff cannot. That's neither just nor in keeping with the Federal Rules. They do not even try to contest the "general principle that discovery may proceed in 'any sequence'" (Doc. 127 at 2).

*Fifth*, the Court has set fall discovery deadlines, and Plaintiff—the party who generally bears the burden of proof here—is actively trying to meet that deadline. But to do so, P180 needs to be freed of the limited, temporary restrictions that it agreed to, but which have now expired.

*Sixth*, citing nothing, Defendants try to waive away P180's concerns regarding obtaining Ms. Hunsicker's deposition before she surrenders to federal custody. That "depositions can and do take place in such a setting" (Doc. 127 at 2) is beside the point. Prison depositions are more

Hon. Stewart D. Aaron, U.S.M.J.
July 20, 2026
Page 3

logistically difficult and can create significant delay: prisoner transfers, unavailability of prison meeting rooms, facility lockdowns for unrelated reasons, difficulty of getting nearly a half-dozen lawyers (from four firms representing five parties), boxes of exhibits, computers, and more through security, or any other myriad difficulties of litigating against a federal prisoner. P180 wants to avoid those costs and delays. That defendants want to impose them on P180 confirms the purpose of this opposition is merely to delay the completion of discovery.

*Seventh*, Defendants argue that their pending motion to dismiss justifies continuing a one-sided stay on Plaintiff's ability to take testimony and, for the first time, apparently seek their own stay pending the Court's ruling on their motion to dismiss. That is wrong for a host of reasons.

To start, this Court's Order is not based at all on any actual or anticipated motion to dismiss, so there is no basis to consider Defendants Singh and Goldenberg's motion to dismiss at all in deciding whether to lift it.

There are also other Defendants here, including Ms. Hunsicker, who has answered, making this case fully at issue as to her. So discovery should proceed, and Defendants Singh and Goldenberg are critical witnesses for the case against Ms. Hunsicker and her half a decade of corporate fraud and financial abuse. Whether they are parties or not, they will need to sit for depositions—so their motion to dismiss will not render their depositions unnecessary. If discovery from the moving defendants will be required regardless of success of the motion, whether through party or non-party discovery, the absence of a stay does not create an undue burden. *See Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006). And Defendants have not made any particularized showing of burden here. Given the current pace of written discovery and document production (which Defendants are stalling on), the most likely dates are in the fall in any event. So Defendants' unsubstantiated concerns regarding proportionality are unsubstantiated. Nor are they a reason to prohibit P180—and only P180—from obtaining testimony from any party. And if those concerns become substantiated in any way, they of course can move the Court for a protective order.

And, as for the new argument that there should be a stay based independently on the pendency of the motion to dismiss, cases are legion that the filing of a motion to dismiss "does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Katz v. Tactile Grp., Inc.*, 2025 WL 3513966, at *1 (S.D.N.Y. Dec. 8, 2025); *Medina v. City of New York*, 2020 WL 3050971, at *2 (S.D.N.Y. June 8, 2020). If Defendants believed that such a stay is warranted, they should move for it independently. There is no basis to piggyback off of a stipulated order in a separate proceeding that has since expired. Regardless, as noted above, Ms. Hunsicker has answered, and Defendants identify no particular burden of sitting for a deposition anyhow.

In conclusion, discovery is proceeding apace, and P180 merely requests that the Court lift its narrow stay on depositions taken by P180 so that it can participate fully in discovery—as every other party in this case has the right to do. Its motion should be granted.

Steptoe

Hon. Stewart D. Aaron, U.S.M.J.
July 20, 2026
Page 4

Respectfully submitted,

*/s/ Joseph M. Sanderson*

Joseph M. Sanderson

cc:    All counsel of record, via ECF