Joseph M. Sanderson
212 378 7615
josanderson@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

Steptoe

September 1, 2026

**VIA ECF**

Hon. Stewart D. Aaron, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1970
New York, NY 10007

Re: *P180, Inc. v. Singh, et al.*, No. 25 Civ. 4432 (VM) (SDA)
**Letter Regarding Status of Discovery and Request for Schedule Extension**

Dear Judge Aaron:

We represent Plaintiff P180, Inc., in the above-captioned action, and write jointly with all parties who have appeared in this action to date pursuant to Your Honor's order directing the parties to file a joint status letter regarding progress in discovery (Doc. 122).

While discovery is proceeding expeditiously, multiple recent events suggest that a short extension of approximately six weeks is warranted for all discovery deadlines. These recent events include: Defendant Hunsicker's criminal sentencing on August 20, 2026 and statements made by Hunsicker and others in connection with her sentencing (providing new information on what to pursue in discovery); failure to produce documents by Defendants Singh, Goldenberg, and Hunsicker (for various reasons); CaaStle, Inc.'s court-appointed bankruptcy trustee's refusal to accept service of a subpoena from this Court (leading to delays in service); and delay in production by third parties Princeton University and John Hennessy.

All parties either agree to or do not object to a short six-week extension.

## Service

***Plaintiff P180's Update on Service of Foreign Parties.*** Defendant Jain, whom P180 believes to be in India, and Defendant Callon, whom P180 believes to be in Japan, have to date refused to accept service and service efforts via the Hague Service Convention are ongoing. India is known for extremely lengthy delays in processing Hague Service requests through its Central Authority and restricts other means of service, and Japan's similar restrictions on methods of service require supplying its Central Authority with non-public information that P180 is attempting to identify.

In order to allow the case to proceed expeditiously against the served Defendants, Plaintiff requests that the case against Jain and Callon be severed, stayed, and proceed separately once they have been served.

Defendants' Position. Defendants Singh, Goldenberg, Corlito and Hunsicker take no position regarding this request.

## Initial Disclosures

***Initial Disclosures.*** P180, Singh, Goldenberg, Hunsicker, and Corlito have now each served initial disclosures.

**Document Discovery**

***Party Document Discovery.*** P180, Singh, Goldenberg, Hunsicker, and Corlito have each served document requests and have each served responses and objections to the other side's requests. P180 has served follow-up requests on certain Defendants, principally as a result of statements made in Hunsicker's sentencing submissions.

Additionally, P180 served requests for admissions on Singh, Goldenberg, and Hunsicker, who served responses and objections. As a result of a stipulation with CaaStle's bankruptcy trustee that has now expired, P180 has held off on serving interrogatories.

P180 has produced over 30,000 pages of discovery to date and anticipates substantially completing its production of emails in the next two to three weeks.

Defendants have produced zero pages of discovery. Counsel for Singh and Goldenberg have repeatedly represented that they had documents ready to produce but—citing no basis for doing so—claimed to be withholding them until P180 made document productions. They have not responded to repeated email requests to confirm that they will be making a production in short order. Counsel for Hunsicker claimed to have received documents back from the U.S. Attorney's Office at least a month ago but has neither produced documents nor provided any sort of log of documents being withheld on the basis of the criminal protective order. Counsel for Hunsicker believes that coordination with the U.S. Attorney's office may be required. Defendant Corlito was only recently added to the matter, has timely provided written responses to document demands and counsel advises that she is in the process of producing responsive documents.

<u>Plaintiff's Position</u>. P180 believes that a short extension of six weeks for discovery deadlines is warranted by Defendants' failure to produce documents and, in addition, respectfully requests that the Court set a discovery conference for the purpose of resolving repeated refusals by Singh, Goldenberg, and Hunsicker to produce documents. Singh and Goldenberg, for example, claimed that their "documents are ready to go" since July 16 yet refused to produce them until P180 was "ready to produce as well." Now, even after P180's production, Singh and Goldenberg have not made a production. P180 anticipates moving to compel production of documents in short order unless these issues are resolved expeditiously and fears Defendants' failure to cooperate may necessitate further extensions.

Additionally, Hunsicker's sentencing hearing provides further cause for a short extension, as Hunsicker and others disclosed additional avenues of discovery in connection with her sentencing. These include the following, which Hunsicker has now repeatedly asserted during her criminal proceedings (1) that she had mental conditions that limit her responsibility for her actions and (2) that she was acting on the advice of the counsel-advised CaaStle Board in raising funds for P180 and not disclosing to P180 or others the fraud that she had disclosed to the CaaStle Board.

As to Corlito, because she was joined in the Amended Complaint, she and P180 have only recently responded to each other's Requests for Production. She has been served with P180's production and P180 understands she intends to make a production as she sets out below.

<u>Defendants' Position.</u> Defendants Singh and Goldenberg respond that Plaintiff's position is unequivocally and knowingly false. Although Plaintiff did not produce a single document until

August 24, 2026, Singh and Goldenberg were not and are not withholding any documents based on Plaintiff's lack of production. Rather, as Plaintiff knows, their production was delayed due to logistical issues pertaining the defendants review of those documents. Those issues have now been resolved, but the necessary members of the case team are presently out of the office – Mr. Lang due to his recent wedding and Mr. Boone due to a previously scheduled professional commitment abroad.

Defendant Hunsicker has neither produced documents nor provided a log of documents being withheld on the basis of the criminal protective order because she does not yet know whether such documents will, in fact, need to be withheld. As Hunsicker's counsel has discussed with Plaintiff's counsel several times, the vast majority of the documents provided to her by the government in her criminal case originated from unidentified third-party sources such that their use and production remain restricted pursuant to the protective order entered in that case. As such, coordination with the U.S. Attorneys' office and/or the court is likely to be required.

Nonetheless, Defendants intend to begin their production of documents this week.

<u>Corlito's Position</u>. Defendant Corlito timely responded to Plaintiffs' written discovery on August 31, 2026 and is in the process of collecting and producing non-privileged documents that can be located after a reasonable search. Defendant Corlito expects to be able to produce such documents within the next two (2) weeks.

## Third Party Discovery

***Third Party Discovery.*** P180 has served document subpoenas on John Hennessy, Princeton University, and George L. Miller in his capacity as Chapter 7 Trustee for the bankruptcy estate of CaaStle. P180 also anticipates serving document subpoenas very shortly on certain other third parties, including CaaStle's auditor BDO (whose audits were forged) and former CaaStle executive John Donoghue. P180 is in the process of identifying certain other third parties from whom it intends to request documents, either informally or through a subpoena, including certain other CaaStle victims.

Defendants have not served document subpoenas on any third parties.

<u>Plaintiff's Position.</u> Delays by third parties, and new disclosures of additional relevant third parties in Hunsicker's sentencing, warrant a short extension of discovery deadlines.

To date, Hennessy has made a very limited document production and negotiations are ongoing regarding the scope of document production and deposition testimony. Motion practice may be necessary, likely in the Northern District of California, if the dispute is not resolved. Princeton has indicated that it has identified some documents it intends to produce, but that it is delaying producing those until Defendant Singh's counsel has determined whether to claim privilege over one document in Princeton's possession. (For Plaintiff's part, it does not believe that any document regarding CaaStle in Singh's Princeton email account could be privileged, as it was disclosed to a third party, *i.e.*, his employer. But that dispute, if any, is premature.) Plaintiff is concerned that Singh is delaying this production strategically. Miller—CaaStle's Bankruptcy Trustee—refused to accept service consensually and has to date refused offers to speak prior to the date that objections are due, so motion practice, likely in the Eastern District of Pennsylvania, may be required.

P180 also anticipates taking depositions of certain third party witnesses, including percipient witnesses at CaaStle and certain of CaaStle's victims.

Defendants' Position. Defendants Singh, Goldenberg, and Hunsicker reserve the right to serve third party discovery. However, because Plaintiff only recently produced any documents, they have not yet had a chance to determine what, if any, third party discovery is needed. As for Princeton's production, Defendants Singh responds that he does intend to assert privilege over one obviously privileged document in Princeton's possession, but he does not believe that assertion has delayed Princeton's production in any way.

Corlito's Position. Defendant Corlito joins in the co-Defendants' position and reservation of rights with respect to third-party discovery.

**Depositions**

***Party Depositions.*** Plaintiff noticed depositions for all appearing defendants in October. Defendant Corlito has requested her deposition be moved to November due to her travel schedule, and Plaintiff is conferring on dates. Defendant Hunsicker has been ordered to surrender to federal custody on October 12, 2026, and, if her deposition cannot be rescheduled before then, it will need to be taken off calendar until it can be arranged at her carceral institution. Defendants have not noticed any deposition of Plaintiff.

Plaintiff's Position. Given Defendants' inadequate production and the Trustee's apparent unwillingness to provide CaaStle documents promptly, good cause exists for a short extension of discovery to accommodate deposition scheduling. Motions practice regarding document production may be required before party depositions can be taken. Additionally, Hunsicker's current surrender date for her five-year criminal sentence is October 12, 2026. If her deposition cannot be held prior to this date, deposition scheduling may require coordination with the Bureau of Prisons. P180 is considering requesting leave to conduct one deposition of seven hours prior to Hunsicker's surrender date with a follow-up seven-hour deposition, if needed, once document productions are substantially completed to address any issues arising from those documents.

Defendants' Position. Defendants Singh, Goldenberg, and Hunsicker respond that Plaintiff only first produced documents about a week ago. Accordingly, Plaintiff's attempt to blame Defendants and the Trustee for any delay is knowingly false. Notwithstanding, Defendants Singh, Goldenberg, and Hunsicker do not object to a short extension of time for discovery. Defendant Hunsicker reserves the right to respond to Plaintiff's request for leave to conduct multiple depositions of Ms. Hunsicker if and when any such application is made.

⁂

Steptoe



Given the foregoing, the Parties respectfully request that all discovery dates be extended by 6 weeks as follows:

| | Current Date (Doc. 83) | Proposed Amended Date |
|---|---|---|
| Completion of all fact discovery | December 11, 2026 | January 22, 2027 |
| Completion of expert discovery | March 26, 2027 | May 7, 2027 |

Respectfully submitted,

/s/ Joseph M. Sanderson

Joseph M. Sanderson