Joseph M. Sanderson
212 378 7615
josanderson@steptoe.com

1133 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

Steptoe

November 6, 2026

***VIA ECF***

Hon. Stewart D. Aaron, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1970
New York, NY 10007

**Re: *P180, Inc. v. Singh, et al.*, No. 25 Civ. 4432 (VM) (SDA)**
**Letter Motion to Compel Defendants Singh and Goldenberg to Produce Documents for the Full Period at Issue and for Attorneys' Fees**

Dear Judge Aaron:

We write on behalf of Plaintiff P180, Inc. to request the Court's resolution of a discovery dispute between P180 and Defendants Singh and Goldenberg. In this RICO case—in which P180 has alleged a scheme of fraud lasting at least since 2019 and must prove a scheme of predicate acts, including continuity of the scheme—Singh and Goldenberg initially served responses committing to produce documents without limitations as to time beyond those in P180's Requests for Production. After several months of negotiations in which P180 relied on those responses in making other compromises, Singh and Goldenberg suddenly served new responses seeking to limit the time period for their searches to September 2023 to May 2025, asserting only relevance as a basis for doing so and without identifying any particular burden.

That attempt to revoke prior offers to produce is baseless and the objection is meritless at any rate given that the duration of the scheme is an element of P180's RICO claims. The Court should order them to produce documents for the complete time period requested and order them to pay P180's reasonable expenses, since Defendants' position is not substantially justified.

**Meet-and-Confer Efforts**

Counsel conferred by videoconference on October 28, 2026, at 2:00 p.m., for about 45 minutes. Conor Tucker represented P180; Kevin Puvalowski and Shanice Hinckson represented Singh and Goldenberg. The latter stated that the period began before P180 was formed and ended after the disclosure of the fraud and the filing of this lawsuit, and generally said that a larger timeframe was burdensome and was not "reasonably calculated to lead to admissible evidence." The parties then discussed those two specific objections. Counsel did not identify any particular burden, said they would consider extending the window into summer 2025 as to communications with Hennessy and Callon and going back further on some Requests.

On October 30, P180 followed up and requested that the late limitation be withdrawn by November 2 to avoid motion practice. Counsel declined, offering no factual or legal basis and stating only that they were "still considering whether to expand the time limitation" and would respond "later this week." P180 responded the same day that, based on counsel's refusal to withdraw the limitation, the parties were at an impasse. Ex. 6 at 2-3.

**Singh and Goldenberg Must Produce Documents for the Full Period Requested**

On January 14, March 24, and September 24, 2026, Singh and Goldenberg agreed to produce documents responsive to Requests 12–15, Request 23 (and, for Singh, Request 45); Singh Requests 115–118, and Goldenberg Requests 120–123 without any date limitation. For Requests 28, 32, 76, and 77, they served only objections. Ex. 1 at 6-11. On October 23, 2026—three days after P180 wrote that Singh's production had "very little that predates December 2024" and that Goldenberg's "begins in December 2023 and ends in May 2025," Exs. 2 at 3-4, 8, 3 at 2—both served amended responses limiting each commitment to documents "from September 1, 2023, through May 31, 2025." Ex. 1 at 1-14. P180 objected to this limitation. Exs. 4 at 2-3, 5 at 2-3. The relevant requests and responses—together with redline showing the narrowing of the statement of compliance—are attached as Exhibit 1.

**I. Singh and Goldenberg Agreed to Produce Without Date Limitation, Cannot Retract That Agreement, and Have Waived Any New Time Objection**

Singh and Goldenberg may not backtrack. In *Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, the defendant responded that it would produce, but, facing a motion to compel, argued that documents from a certain time period were unduly burdensome. 272 F.R.D. 350, 354, 356 (W.D.N.Y. 2011). That was too late: "having represented in its discovery response that it would produce all relevant responsive documents and information, [defendant] may not now argue that to do so would be unjustly burdensome." *Id.* at 359; *see Allen v. Colgate-Palmolive Co.*, 1985 WL 191, at *2 (S.D.N.Y. Jan. 14, 1985) (party that "specifically responded that it would produce all relevant documents as requested" had "waived its right to object"). "[P]iecemeal objections" are forbidden. *Hall v. Sullivan*, 231 F.R.D. 468, 473 (D. Md. 2005) (objections must be raised "at the time of answering the request").

Singh and Goldenberg argued that *Star Direct* does not apply because the original responses "contained explicit objections to the broad temporal scope." Ex. 6 at 2. Not so. The boilerplate "not properly limited in time and scope" objection identified no period (and Request 23 lacks even that), and Rule 34 required each to "state whether any responsive materials are being withheld on the basis of that objection" and to "specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Singh and Goldenberg agreed to produce *notwithstanding* their date range objection; that is what matters, not whether they threw in a boilerplate objection that they did not rest upon to limit their response. They "may not now" retreat—especially after P180 relied for *months* on the prior responses in negotiating compromises and deciding whether to move to compel. *Star Direct*, 272 F.R.D. at 359. Likewise, for Requests 28, 32, 76, and 77, to which they served only boilerplate objections, any new date objection is likewise waived. *See Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) (non-specific objections "will be deemed a waiver").

**II. No Burden Has Been Identified and the Documents P180 Seeks Are Relevant**

Even absent waiver, Singh and Goldenberg failed to articulate any burden whatsoever. During the October 28 meet and confer, P180 even went so far as to offer examples of potential burdens, but Defendants' counsel provided none. That silence, together with the timing of the amended responses—three days after P180 identified the gaps in their productions, Exs. 2 at 3-4, 8, 3 at 2—confirms there is no burden (or none sufficiently identified to preserve the objection).

Moreover, the documents are patently relevant to a case where continuity and predicate acts throughout the course of the RICO scheme are elements. Each Request bears on what Singh and Goldenberg knew about the CaaStle fraud, when, and how they concealed it. P180 alleges a RICO scheme that began by 2018 and continued through CaaStle's June 2025 bankruptcy filing and the July 2025 unsealing of Hunsicker's indictment. Doc. 89 ("AC") ¶¶ 39-40, 293-95, 301, 319. The September 1, 2023 through May 31, 2025 window cuts off both ends of that scheme.

Take Requests 12 to 15 and 23, calling for board and financial materials. Hunsicker's falsification of financials started around 2018. AC ¶¶ 54. Singh cofounded the company and the complaint alleges he remained closely involved even during times when he had no official title, to the point where Hunsicker only agreed to resign after the full extent of her fraud became clear if he were given the chairmanship of the Board to protect her; Goldenberg, meanwhile, was a longtime officer and eventual director and also a close associate of Hunsicker for decades, and Callon was a longtime board member. AC ¶¶ 21, 32, 34, 36, 65-66, 72, 205, 213, 224, 302.

Likewise, Requests 28, 76, and 77 deal with relationships with codefendants. These show Defendants' involvement in the scheme and predicate acts over extended periods, clearly relevant to continuity under RICO, and also help show the relationships and deep involvement in and knowledge of CaaStle necessary to infer scienter—and also show why the conspirators were so loyal to each other that they used funds stolen from investors to redeem one another's stock when the fraud threatened to come to light. AC ¶¶ 65, 164, 169-71, 176 185, 301.

Singh Requests 115-16 and Goldenberg Requests 120-21, meanwhile, deal with the forged BDO audit. BDO was the auditor almost entirely *prior to* the period for which Singh and Goldenberg belatedly restricted their search, and their knowledge of the forgery is of obvious relevance to continuity and scienter. AC ¶¶ 56, 90. Their knowledge of the buyoff of Granite, the CaaStle investor that first started asking questions about the forged audit, matters for the same reasons. Ex. 7 ¶ 46.

As for Singh Request 117 and Goldenberg Request 122, they show the relevance of later periods. Callon arranged an Ichigo "bridge loan" as Defendants allegedly sought to delay bankruptcy and "run down the preference period clock" on the redemptions. AC ¶¶ 292-93. Similarly, Singh Request 118 and Goldenberg Request 123 seek information about communications with Hennessy, Singh's Stanford advisor, who joined the Board in 2018 and after the revelation of the extent of Hunsicker's fraud attempted to retroactively claim his term ended in April 2021. AC ¶¶ 45, 194; Ex. 7 ¶ 30.

## III. P180 Is Entitled to Its Fees

Fees are mandatory unless the opposing position was "substantially justified" or another exception applies. Fed. R. Civ. P. 37(a)(5)(A). None does: Singh and Goldenberg reversed their written commitments without explanation and identified no particularized burden. Ex. 6 at 5.

⁂

Accordingly, the Court should order Singh and Goldenberg to produce documents for the full periods identified in P180's requests within 14 days and award P180 its reasonable fees incurred in making this motion, in an amount to be established by declaration submitted within fourteen days of the Court's order unless the parties can agree the amount before.

Steptoe

Respectfully submitted,

/s/ Joseph M. Sanderson

Joseph M. Sanderson

cc: Counsel of Record (via ECF)