655 Third Avenue, 12th Fl.
New York, NY 10017

T: 212.370.0330
www.pkbllp.com

Petrillo Klein + Boxer LLP

KEVIN R. PUVALOWSKI
kpuvalowski@pkbllp.com
D: 212.370.0332
M: 732.947.7952

November 11, 2026

***BY ECF***

Honorable Stewart Aaron
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

*Re:* *P180, Inc. v. Singh, et al.*, No. 25-cv-4432-VM-SDA

Dear Judge Aaron:

This firm represents Defendants Jaswinder Pal Singh and George Goldenberg ("Defendants") in the above-referenced action, and we respectfully submit this letter in opposition to the motion of Plaintiff P180, Inc. ("P180") to compel the production of certain documents and for related attorneys' fees (the "Letter Motion"). The Letter Motion should be denied. First, P180 sought judicial intervention prematurely and in violation of Section II.B of this Court's Individual Practice Rules. Second, the amended responses by Messrs. Singh and Goldenberg are timely in light of the discovery deadlines in this case; indeed, far from showing any abuse they illustrate an effective meet-and-confer process. Finally, P180's document requests are disproportionate to the needs of the case in any event.

I. <u>P180's Letter Motion is Premature and Procedurally Defective</u>

This Court's individual rules require a party moving with respect to a discovery dispute to state that it informed the adversary during the parties' meet-and-confer conference that the moving party believes the parties to be at an impasse and that the moving party would be requesting a conference with the Court. *See* Judge Aaron Individual Practice § II.B. P180's Letter Motion makes no such certification because it cannot.

The parties conferred by videoconference on October 28th. With respect to the temporal scope of P180's Requests, we explained our position that the appropriate responsive period should run from September 2023, when, according to the Amended Complaint, the concept of P180 was first conceived and months before its incorporation in February 2024, through approximately one month after discussions about the proposed merger between P180 and CaaStle were terminated, thereby encompassing well more than the entire period of interactions between P180 and Defendants. In light of the arguments made by P180's counsel at the meet-and-confer, however, we agreed to consider P180's counterarguments in good faith and committed to providing a written

response setting out our positions by the end of the following week. P180's counsel expressly agreed to this schedule.

Despite that agreement, P180 sent a follow-up email just 48 hours later, on the afternoon of Friday, October 30th, arbitrarily demanding that Defendants withdraw their temporal objections by 5:00 p.m. on Monday, November 2nd. That Monday, P180 sent an email unilaterally declaring an impasse. Although we responded to counsel's email by reiterating our commitment to provide a written response on the temporal limitation issue, among others, later that week, P180 filed its Letter Motion on November 6th, before the agreed-upon end of week deadline, without requesting a further meet-and-confer and without informing Defendants that it intended to request a conference with the Court.

In sum, contrary to Your Honor's rules, P180 has not certified that it told Defendants at the conference that it would request a conference with the Court on this issue. Nor can P180's subsequent emails supply the missing certification as the Rule expressly provides that none of these requirements may be satisfied by submitting copies of correspondence between counsel. *See* Judge Aaron Individual Practice § II.B. This Court has denied letter motions on precisely these grounds, holding that the rule requires good-faith conferral and a clear delineation of each party's position, and that the requirement is not satisfied by submitting copies of correspondence between counsel. *See Martinez v. Alta Material Handling*, No. 1:25-CV-08159 (DEH) (SDA), 2026 WL 1197798 (S.D.N.Y. May 1, 2026). Moreover, in this case, P180's gun-jumping was not just a procedural deficiency: counsel's motion has now proven to be a waste of resources as we have in fact (as we indicated to counsel we would consider) amended Defendants' position with respect to the temporal limitation, as discussed below, in our timely November 6th written response.

II. <u>Messrs. Singh's and Goldenberg's Amended Responses are Timely</u>

Defendants served their responses to P180's overbroad Requests for Production (the "Requests") on January 14, March 24, and September 24. Defendants objected outright to certain Requests (*see, e.g.*, Ex. 1 to P180 Letter Motion (Requests 28 and 77)) because they were not appropriately limited in time or scope. As to others (*see, e.g., id*. (Requests 23, 32, and 76)), Defendants agreed to produce relevant, non-privileged, responsive documents, expressly subject to their objection to the temporal scope of the Request. On October 23, 2026 — months before the close of fact discovery — Defendants amended their responses to specify that they would produce documents dated September 1, 2023, through May 31, 2025, *i.e.,* for more than the entire period of interactions between P180 and Defendants. Then, on Friday, November 6, 2026, consistent with our commitment to consider in good faith P180's arguments from the meet-and-confer, Defendants served a written response agreeing to expand the temporal limitation for Requests 5, 6, 12-15, 23, 29, 32, 45, 76, 79, 81, and 86 to the period February 1, 2019, through May 31, 2025, *i.e.,* the entire period of the fraud committed by co-defendant Hunsicker, as alleged by the SDNY.

P180's contention that the amended responses are untimely or that their objections are waived is belied by the record and the governing caselaw. In *Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, which P180 cites, the court ordered production because the responding party asserted its burden objection for the first time only after the close of fact discovery — in opposition to a motion to compel — without having preserved the objection in its original responses. 272 F.R.D. 350, 354, 356 (W.D.N.Y. 2011). Defendants here did the opposite. From their initial responses forward, Defendants stated that any production would be subject to and without waiver of their objections, and they preserved their temporal objections throughout. P180's assertion that it was prejudiced by relying on Defendants' responses is also unavailing: P180 identifies no prior meet-and-confer, and no correspondence, in which Defendants' prior counsel agreed to produce documents notwithstanding those objections.

III. P180's Requests are Disproportionate to the Needs of the Case

Defendants have now agreed to produce documents from February 1, 2019, through May 31, 2025,[1] in response to Requests 12-15, 23, and 76. There are no allegations that any fraudulent conduct occurred before February 2019, and P180 offers no basis to reach further back. Requests 28 and 77, Singh Requests 115-18, and Goldenberg Requests 120-23 demand "all communications" from 2018. A demand for every communication over that span is facially disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). P180's bare assertion of relevance cannot sustain requests of that breadth.

IV. P180 is not Entitled to Attorneys' Fees

A court must not award fees on a motion to compel where the opposing party's position was substantially justified. Fed. R. Civ. P. 37(a)(5)(A). Defendants' position easily meets that standard because they raised valid, timely objections to P180's document requests and have agreed to produce responsive materials across a reasonable temporal window. *See Comprehensive Habilitation Servs., Inc. v. Commerce Funding Corp.*, 240 F.R.D. 78, 87 (S.D.N.Y.2006) (denying fee request where opposing party raised valid relevancy objections to document requests).

For the foregoing reasons, Messrs. Singh and Goldenberg respectfully request that the Court deny P180's motion to compel and its request for attorneys' fees.

Respectfully submitted,

*/s/ Kevin R. Puvalowski*
Kevin R. Puvalowski

cc: All Counsel (Via ECF)

---

[1] During the parties' October 28 meet-and-confer, P180's counsel represented that it was not concerned about Defendants' May 2025 cut-off date and confirmed that P180 itself did not produce any documents after April 2025.