**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**P180, Inc.,**

**Plaintiff,**

**-against-**

**Jaswinder Pal Singh, et al.,**

**Defendants.**

**1:25-cv-04432 (VM) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion by Plaintiff P180, Inc. ("Plaintiff" or "P180") seeking to compel Defendants Jaswinder Pal Singh ("Singh") and George Goldenberg ("Goldenberg") to produce documents for the time periods identified in certain of Plaintiff's document requests and an award of reasonable attorneys' fees incurred in making the Letter Motion. (*See* Pl.'s 11/6/26 Ltr. Mot., ECF No. 143.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In this action, P180 brings claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and under the common law arising out of a fraud involving a company known as CaaStle, Inc. ("CaaStle"). (*See* Am. Compl., ECF No. 89, ¶¶ 1-11, 299-493.) Singh was a co-founder of CaaStle and served as a director of CaaStle. (*See id*. ¶ 19.) Goldenberg variously served as a director, Chief Operating Officer and interim Chief Executive Officer of CaaStle. (*See id*. ¶ 21.) The Amended Complaint contains allegations dating back as early as 2018. (*See*, *e.g*, *id*. ¶¶ 18, 39, 53, 63, 319.)

P180 served certain requests seeking production of documents from Singh and Goldenberg to which Singh and Goldenberg responded,[1] without raising any objection to the date ranges of the documents requested. (*See* Pl.'s 11/6/26 Ltr. Mot. at 2; *see* Ex. 1 to Pl.'s 11/6/26 Ltr. Mot.) Later, Singh and Goldenberg served amended responses in which they sought to limit the date ranges of their document production. (*See id*.)

On November 6, 2026, P180 filed the Letter Motion now before the Court seeking to compel Singh and Goldenberg to produce documents for the complete time periods identified in P180's requests and an award of reasonable attorneys' fees incurred in making the Letter Motion. (*See* Pl.'s 11/6/26 Ltr. Mot. at 3.) On November 11, 2026, Singh and Goldenberg responded, stating that they had agreed to expand the temporal limitation for certain of the requests. (*See* S&G 11/11/26 Ltr., ECF No. 144, at 2.) Singh and Goldenberg also contended that P180 prematurely had filed its Letter Motion. (*See id*. at 1-2.)

After P180 failed to timely file any reply, the Court entered an Order directing Plaintiff's counsel, no later than November 18, 2026, to meet and confer with counsel for Singh and Goldenberg and file a letter indicating whether Plaintiff's Letter Motion (ECF No. 143) can be denied as moot. (*See* 11/18/26 Order, ECF No. 145.) On November 18, 2026, P180 filed a letter stating that, for document requests seeking communications, Singh and Goldenberg would not agree to produce documents for a time period before September 1, 2023, and that for the other document requests, Singh and Goldenberg would not agree to produce for documents for a time

[1] The document requests at issue in Plaintiff's present Letter Motion are Requests 12-15, 23, 28, 32, 76 and 77; Singh Requests 45 and 115-118; and Goldenberg Requests 120-123. (*See* Ex. 1 to Pl.'s 11/6/26 Ltr. Mot., ECF No. 143-1; *see also* Pl.'s 11/17/26 Ltr., ECF No. 146, at 2.)

period before February 1, 2019, and thus that Plaintiff's Letter Motion was not moot, except with respect to Singh Request 45. (*See* Pl.'s 11/17/26 Ltr. at 2-3.)

## LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure permits the parties to obtain discovery regarding any nonprivileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case . . .." Fed. R. Civ. P. 26(b)(1). It is within a Magistrate Judge's discretion to decide whether discovery requests are relevant and proportional. *See Radio Music License Comm., Inc. v. Broad. Music, Inc.*, 347 F.R.D. 269, 273 (S.D.N.Y. 2024).

Under Rule 37 of the Federal Rules of Civil Procedure, if a party moves to compel a discovery response, and the motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; . . . the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

## DISCUSSION

The Court carefully has reviewed the parties' submissions in connection with the pending Letter Motion, as well as the allegations contained in the Amended Complaint, and finds, in its discretion, that the beginning temporal limitations imposed by Singh and Goldenberg on the subject document requests (*i.e.*, September 1, 2023 for communications, and February 1, 2019 otherwise) are improper. The Court finds that, for the subject document requests, documents for

the period from January 1, 2018 to May 31, 2025 are relevant and proportional to the needs of the case.

The Court declines to award attorneys' fees to Plaintiff under Rule 37. Given the timing of Plaintiff's Letter Motion, the Court finds Plaintiff could have made greater efforts to resolve (or at least narrow) the discovery disputes before filing its Letter Motion and, in any event, an award of fees would be unjust in the circumstances.

**CONCLUSION**

By reason of the foregoing, Plaintiff's Letter Motion (ECF No. 143) is GRANTED IN PART and DENIED IN PART. Within 21 days of the date of this Order, Singh and Goldenberg shall produce documents responsive to Requests 12-15, 23, 28, 32, 76 and 77; Singh Requests 115-118; and Goldenberg Requests 120-123 for the time period from January 1, 2018 to May 31, 2025.

**SO ORDERED.**

Dated: New York, New York
November 19, 2026

Stewart d. Aaron
STEWART D. AARON
United States Magistrate Judge