**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**P180, Inc.,**

**Plaintiff,**

**-against-**

**Jaswinder Pal Singh, et al.,**

**Defendants.**

**1:25-cv-04432 (VM) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion by Plaintiff P180, Inc. ("Plaintiff" or "P180") seeking to compel Defendants Jaswinder Pal Singh ("Singh") and George Goldenberg ("Goldenberg") to produce certain financial records. (*See* Pl.'s 11/17/26 Ltr. Mot., ECF No. 147.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In this action, P180 brings claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and under the common law arising out of a fraud involving a company known as CaaStle, Inc. ("CaaStle") against, *inter alia*, Singh (who was a co-founder of CaaStle and served as a director of CaaStle) and Goldenberg (who variously served as a director, Chief Operating Officer and interim Chief Executive Officer of CaaStle). (*See* Am. Compl., ECF No. 89, ¶¶ 1-11, 19, 21, 299-493.) The Amended Complaint contains allegations dating back as early as 2018. (*See*, *e.g.*, *id.* ¶¶ 18, 39, 53, 63, 319.)

The Amended Complaint alleges that, in June and July 2024, Goldenberg conspired with others to transfer funds from P180's bank account without authority to do so, and that, in January, February and March 2025, Singh and Goldenberg conspired with others to make

unauthorized transfers from P180's bank account. (*See id*. ¶¶ 149, 250, 318(b)-(k).) The Amended Complaint further alleges that, in October 2024, Singh redeemed 2,790,000 shares in CaaStle for $6,000,000 in cash and, in November 2024, Goldenberg redeemed 1,395,350 shares for $3,000,000 in cash, in circumstances where the company was losing millions of dollars per year. (*See id*. ¶¶ 164-65, 176.) According to the Amended Complaint, at least some of the $6,000,000 that Singh obtained from CaaStle in October 2024, and at least some of the $3,000,000 that Goldenberg obtained from CaaStle in November 2024, came directly from money that had been improperly transferred from P180's bank account. (*See id*. ¶¶ 252-53.)

P180 served upon Singh and Goldenberg requests for production of certain financial records, as follows: First Set Request No. 4 (Singh and Goldenberg) and Second Set Request No. 40 (Singh and Goldenberg), which seek documents sufficient to identify their bank and other financial accounts; First Set Request No. 5 (Singh and Goldenberg), which seeks documents sufficient to identify transfers between their accounts and CaaStle; First Set Request No. 6 (Singh) and Second Set Request No. 86 (Singh and Goldenberg), which seek documents sufficient to identify transfers among Defendants; Second Set Request No. 79 (Singh and Goldenberg), which seeks invoices and billing records for transactions among Defendants; Second Set Request No. 80 (Singh and Goldenberg), which seeks documents concerning transfers of CaaStle shares; Second Set Request No. 81 (Singh and Goldenberg), which seeks documents concerning transfers of money or things of value from CaaStle to Singh and Goldenberg; and Second Set Request No. 104 (Singh), which seeks documents concerning compensation, bonuses, severance, indemnification, or reimbursement to any Defendant. (*See* Pl.'s 11/17/26 Ltr. Mot. at 1; *see* Ex. 1 to Pl.'s 11/17/26 Ltr. Mot., ECF No. 147-1.) After Singh and Goldenberg served amended responses to the

foregoing requests, and after the parties met and conferred, they remained at an impasse regarding the production of some or all of the documents responsive to the foregoing requests. (*See* Pl.'s 11/17/26 Ltr. Mot. at 1-3.)

On November 17, 2026, Plaintiff filed the Letter Motion now before the Court.[1] (*See* Pl.'s 11/17/26 Ltr. Mot.) On November 20, 2026, Singh and Goldenberg filed their response. (*See* S&G 11/20/26 Ltr., ECF No. 149.) In their response, Singh and Goldenberg stated that, "[i]n light of the Court's Opinion and Order of November 19, 2026," they had "modified their positions with respect to many of the requests at issue . . ., rendering moot or at least narrowing most of the disputes." (*Id*. at 1.) On November 23, 2026, Plaintiff filed its reply, indicating the disputes that Plaintiff believes remain.[2] (*See* Pl.'s 11/23/26 Reply, ECF No. 151.) Each of such disputes or purported disputes is addressed in the Discussion section below.

**<u>LEGAL STANDARDS</u>**

Rule 26 of the Federal Rules of Civil Procedure permits the parties to obtain discovery regarding any nonprivileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case . . .." Fed. R. Civ. P. 26(b)(1). It is within a Magistrate Judge's discretion to decide whether discovery requests are relevant and proportional. *See Radio Music License Comm., Inc. v. Broad. Music, Inc.*, 347 F.R.D. 269, 273 (S.D.N.Y. 2024).

---

[1] On November 6, 2026, Plaintiff had filed an earlier Letter Motion regarding a dispute with Singh and Goldenberg with respect to the appropriate date range for the production of documents responsive to certain of Plaintiff's requests. (*See* Pl.'s 11/6/26 Ltr. Mot., ECF No. 143.) By Opinion and Order, dated November 19, 2026, the Court directed that Singh and Goldenberg produce documents responsive to the relevant requests for the time period from January 1, 2018 to May 31, 2025. *See P180, Inc. v. Singh*, No. 1:25-CV-04432 (VM) (SDA), 2026 WL 3565085, at *2 (S.D.N.Y. Nov. 19, 2026).

[2] Singh and Goldenberg stated that the disputes regarding Request Nos. 79 and 104 are moot (*see* S&G 11/20/26 Ltr. at 1-2), and Plaintiff does not contend otherwise. (*See generally* Pl.'s 11/23/26 Reply.)

## DISCUSSION

### I. Request Nos. 5 & 6

The Court first addresses Request Nos. 5[3] and 6.[4] In their response to the Letter Motion, Singh and Goldenberg state that they "will produce relevant, non-privileged documents responsive to [Request Nos. 5 and 6, among others] for the period January 1, 2018, through May 31, 2025." (S&G 11/20/26 Ltr. at 2.) Plaintiff seems to believe that Singh and Goldenberg only agree to produce documents relating to accounts owned or controlled by CaaStle or another Defendant, rather than accounts owned by, controlled by, *or otherwise affiliated* with CaaStle or another Defendant. (*See* Pl.'s 11/23/26 Reply at 2 (emphasis supplied).) It is not clear to the Court that Singh and Goldenberg are refusing to produce documents relating to accounts that are affiliated with CaaStle. Regardless, the Court finds, in its discretion, that documents responsive to Request Nos. 5 and 6 relating to accounts affiliated with CaaStle are relevant and proportional to the needs of the case.

With respect to Request No. 5, Plaintiff seeks documents without any specified time period, whereas Singh and Goldenberg only agree to produce documents for the period January 1, 2018, through May 31, 2025. (*Compare* Pl.'s 11/23/26 Reply *with* S&G 11/20/26 Ltr. at 2-3.)

---

[3] Request No. 5 seeks: "Documents sufficient to show any transfers to or from you or any of Your Bank Accounts and any other financial account (including without limitation bank, brokerage, or cryptocurrency accounts) owned by, controlled by, or otherwise affiliated with CaaStle." (Ex. 1 to Pl.'s 11/17/26 Ltr. Mot. at 1.)

[4] Request No. 6 seeks: "Documents sufficient to show any transfers from you or any of Your Bank Accounts and any other financial account (including without limitation bank, brokerage, or cryptocurrency accounts) owned by, controlled by, or otherwise affiliated with any other Defendant in this action." (Ex. 1 to Pl.'s 11/17/26 Ltr. Mot. at 1-2.)

The Court, in its discretion, finds that documents prior to January 1, 2018 that are responsive to Request No. 5 are not proportional to the needs of the case.

Accordingly, Singh and Goldenberg shall produce documents responsive to Request Nos. 5 and 6, as written, for the period January 1, 2018, through May 31, 2025.

## II. Request No. 80

Request No. 80 seeks "[a]ll documents concerning purchases or transfers of shares of CaaStle to you." (Ex. 1 to Pl.'s 11/17/26 Ltr. Mot. at 4.) In their response to the Letter Motion, Singh and Goldenberg state that they "will produce relevant, non-privileged documents responsive to [Request No. 80, among others] for the period January 1, 2018, through May 31, 2025." (S&G 11/20/26 Ltr. at 2.) Plaintiff seems to believe that Singh and Goldenberg only agree to produce documents "sufficient to show" the subject purchases or transfers. (*See* Pl.'s 11/23/26 Reply at 2.) It is not clear to the Court that Singh and Goldenberg are refusing to produce documents concerning purchases or transfers of shares of CaaStle. Regardless, the Court finds, in its discretion, that such documents are relevant and proportional to the needs of the case.

Accordingly, Singh and Goldenberg shall produce documents responsive to Request No. 80, as written, for the period January 1, 2018, through May 31, 2025.

## III. Request Nos. 4 & 40

Finally, the Court addresses Request Nos. 4[5] and 40[6] relating to the bank accounts of Singh and Goldenberg, as well as the other defendants. Singh and Goldenberg objected that

---

[5] Request No. 4 seeks: "Documents sufficient to show the ownership, control, signatory authority, and custodian (whether bank, financial institution, or other entity) for any of Your Bank Accounts." (Ex. 1 to Pl.'s 11/17/26 Ltr. Mot. at 1.)

[6] Request No. 40 seeks: "For the time period from January 1, 2018, through the present, documents sufficient to show each bank, brokerage, cryptocurrency, or other financial account owned, controlled, or

Request No. 4 contained no time limit and Plaintiff agreed in its reply letter to limit both Request Nos. 4 and 40 to accounts held at any time from January 1, 2018, through May 31, 2025. (*See* Pl.'s 11/23/26 Reply at 2.)

Singh and Goldenberg also objected that Request Nos. 4 and 40 are overbroad. (*See* S&G 11/20/26 Ltr. at 3.) The Court agrees for reasons of proportionality. The Court, in its discretion, finds that Singh and Goldenberg need only produce in response to Request Nos. 4 and 40 the following documents for accounts held during the period January 1, 2018, through May 31, 2025: (a) documents sufficient to show the ownership, control, signatory authority and custodian (whether bank, financial institution, or other entity) for any bank accounts of Singh and Goldenberg that had transfers to, transfers from or transactions with CaaStle or any of the defendants; and (b) documents sufficient to show the ownership, control, signatory authority and custodian (whether bank, financial institution, or other entity) for any bank accounts of the other defendants that had transfers to, transfers from or transactions with CaaStle, Singh and Goldenberg.

## CONCLUSION

By reason of the foregoing, Plaintiff's Letter Motion (ECF No. 147) is GRANTED IN PART and DENIED IN PART. Within 21 days of the date of this Order, Singh and Goldenberg shall produce the following documents: (1) documents responsive to Request Nos. 5, 6 and 80, as written, for the period January 1, 2018, through May 31, 2025; and (2) in response to Request Nos. 4 and 40, for accounts held during the period January 1, 2018, through May 31, 2025, (a)

---

operated by any defendant, including you, Christine Hunsicker or Chirag Jain." (Ex. 1 to Pl.'s 11/17/26 Ltr. Mot. at 3.)

documents sufficient to show the ownership, control, signatory authority and custodian (whether bank, financial institution, or other entity) for any bank accounts of Singh and Goldenberg that had transfers to, transfers from or transactions with CaaStle or any of the defendants; and (b) documents sufficient to show the ownership, control, signatory authority and custodian (whether bank, financial institution, or other entity) for any bank accounts of the other defendants that had transfers to, transfers from or transactions with CaaStle, Singh and Goldenberg.

**SO ORDERED.**

Dated: New York, New York
November 24, 2026



STEWART D. AARON
United States Magistrate Judge